**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02325-CMA-NYW

RIVERSIDE STORAGE AND RECYCLING CENTER, a Colorado Limited Liability
Corporation, and
CRAIG SHRIVER,

       Plaintiffs,

v.

THE CITY OF FEDERAL HEIGHTS, a Colorado Municipal Corporation,
KEN EKROSS,
JACQUELINE HALBURNT,
KRISTEN TEAGUE,
KAREN JACKSON,
TERESA GARRAMONE,
TIMOTHY WILLIAMS, and
STEVEN DURIAN,

       Defendants.

---

**ORDER**

---

Magistrate Judge Nina Y. Wang

       This matter comes before the court on Plaintiffs' Unopposed Motion for Joinder and for

Leave to File Third Amended Complaint (the "Motion for Joinder and to Amend") [#31, filed

Feb. 5, 2016] and Unopposed Motion for Extension of Certain Discovery and Pretrial Deadlines

[#34, filed Mar. 10, 2016].  These Motions are before the undersigned Magistrate Judge pursuant

to the Order of Reference dated December 14, 2015 [#26] and the Memoranda dated February 8,

2016 [#33] and March 10, 2016 [#35].  This court has reviewed the motions, the entire case file,

and the applicable law and is sufficiently advised as to the issues presented.  For the following

reasons, Plaintiffs' Unopposed Motion for Joinder and for Leave to File Third Amended

Complaint [#31] is **GRANTED**  and the Unopposed Motion for Extension of Certain Discovery and Pretrial Deadlines [#34] **DENIED** with leave to re-file following a Status Conference with the court to discuss scheduling issues.

## PROCEDURAL HISTORY

Plaintiffs Riverside Storage and Recycling Center and Craig Shriver ("Plaintiffs") commenced this action on September 8, 2015 by filing a civil complaint in the Adams County District Court seeking damages pursuant to 42 U.S.C. § 1983 and C.R.C.P. 106(a)(4).  They then filed a First Amended Complaint and were granted leave to docket a Second Amended Complaint on October 16, 2015.  Defendants Kristen Teague, the City of Federal Heights, Karen Jackson, Timothy Williams, Teresa Garramone, Ken Ekross, and Jacqueline Halburnt filed a notice of removal to this court on October 20, 2015.

The individually named Defendants are alleged to have been employees of Federal Heights during the timeframe relevant to the issues in the Second Amended Complaint.  Plaintiff Craig Shriver is the owner or has a property interest in manufactured homes that were affected by floodwaters and described in the City of Evans Destroyed Mobile Home list.  [#7 at 2].  The claims in the Amended Complaint arise from the alleged improper Red tagging of manufactured homes for destruction which Plaintiff allege was improper and contrary to Federal Heights' own municipal codes.

Plaintiffs' first claim for relief is under the Fourteenth Amendment and 42 U.S.C. § 1983.  [#7 at 6].  Plaintiffs assert that Defendants Federal Heights, Ken Ekross, Tim Williams, Kristen Teague, Karen Jackson, Teresa Garramone, John Doe, Steven Durian and Jacqueline Halburnt, acting under color of state law, abused their discretion by willfully, recklessly and intentionally

depriving Plaintiffs of the use and value of their property, even declaring the property (without a Hearing) uninhabitable Tier 1 debris.  [#7 at 6].  Plaintiffs' second claim for relief is against Federal Heights under Colorado Rule of Civil Procedure 106(a)(4).  [#7 at 7].  Plaintiffs allege that Federal Heights exceeded its jurisdiction and abused its discretion when Red Tagging and ordering the removal of Plaintiffs' property without providing Plaintiffs due process required under the law.  [#7 at 7].  Plaintiffs also allege that Federal Heights failed to follow federal, state, and municipal law when forbidding Plaintiffs from placing their property in Kimberly Hills.  [#7 at 7].  Plaintiffs seek damages, pre-judgment and post-judgment interest, attorneys' fees and costs.  [#7 at 8].

Plaintiffs filed the pending Motion for Joinder and to Amend on February 5, 2016, the deadline set out in the Scheduling Order to do so.  [#31]; [#29 at 10].  Plaintiffs seek to join Kevin Cox, John Hood, and Kimberly Hills Mobile Home Park as Plaintiffs and docket a Third Amended Complaint reflecting the joinder of these new parties.  *See* [#31]; [#31-1].  Plaintiffs assert that the additional plaintiffs seek to bring a 42 U.S.C. § 1983 claim against Defendants and wish to join the current matter.  [#31 at 2].  Plaintiffs represent that Kimberly Hills Mobile Home Park, John Hood, and Kevin Cox are the owners, or have property interest, in manufactured homes affected by the 2013 flood waters and described in the City of Evans Destroyed Mobile Home List.  [#31 at 2].  Pursuant to D.C.COLO.LCivR 15.1(b), Plaintiffs attach a copy of the proposed Third Amended Complaint with underlining reflecting changes from the previous Complaint as an exhibit to their motion.

On March 10, 2016, Defendant Steven Durian filed an Unopposed Motion for Extension of Certain Discovery and Pretrial Deadlines.  [#34].  Defendant Durian represents that he seeks a

three-month extension of the discovery deadlines in this case to accommodate for additional discovery needed in light of Plaintiffs' unopposed motion for joinder and to amend the Complaint, which adds three new parties to the case.  [#34 at 2].

## STANDARD OF REVIEW

Because Plaintiffs filed the present Motion to Amend prior to the expiration of the deadline to do so set forth in the Scheduling Order, consideration of this Motion is governed by Fed. R. Civ. P. 15(a) and Fed. R. Civ. P. 20(a)(1).  Federal Rule of Civil Procedure 15(a) provides that a party may amend his pleading "only by leave of court or by written consent of the adverse party" after a responsive pleading has been served, and instructs that "leave shall be freely given when justice so requires."  When considering whether to allow an amendment to a complaint, the court considers factors such as whether the amendment will result in undue prejudice to the defendant, whether the request was unduly and inexplicably delayed or offered in good faith, and whether the party had sufficient opportunity to state the claim but failed.  *See Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990). Whether to grant a motion to amend is within the trial court's discretion.  *Woolsey v. Marion Labs, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).  A motion to amend may be denied when the proposed amendment is futile. *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).  A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.  *Id.*

Rule 20(a)(1) permits plaintiffs to be joined together in an action if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or

4

fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Whether to permit joinder lies at the discretion of the district court. *See State Distrib., Inc. v. Glenmore Distill. Co.*, 738 F.2d 405, 416-17 (10th Cir. 1984). In exercising this discretion, the district court "typically considers several factors [including] whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, [and whether it] was offered in good faith . . . ." *Id.* at 416.

## ANALYSIS

The proposed Third Amended Complaint seeks to add Kevin Cox, John Hood, and Kimberly Hills Mobile Home Park as plaintiffs. This court does not find that the proposed Third Amended Complaint is futile, untimely, will prejudice Defendants, or is offered in bad faith.[1] The Motion to Amend was filed prior to the expiration of the deadline to join parties set forth in the Scheduling Order, Defendants do not oppose the proposed amendment or joinder of Defendants, and have not alleged that the proposed amendment to the Complaint would be futile. The court also notes that the Federal Rules of Civil Procedure in general, and Rule 15 in particular, favors resolving disputes on their merits, which counsels in favor of allowing amendment and permitting Defendants to file appropriate motions to dismiss or for summary judgment. *Gocolay v. New Mexico Federal Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (1992) (citations omitted).

This court also finds that joinder of Kevin Cox, John Hood, and Kimberly Hills Mobile Home Park as plaintiffs meets the requirement of Rule 20(a)(1), which permits plaintiffs to be joined together in an action if "they assert any right to relief jointly, severally, or in the

---

[1] This Order should be construed only within the context of Rules 15(a) and 20(a), and not as an expression of the court's opinion regarding Plaintiffs' allegations.

alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Plaintiffs assert that the additional plaintiffs seek to bring a 42 U.S.C. § 1983 claim against Defendants and that Kimberly Hills Mobile Home Park, John Hood, and Kevin Cox are the owners, or have property interest, in manufactured homes affected by the 2013 flood waters and described in the City of Evans Destroyed Mobile Home List. [#31 at 2]. This court finds that these claims for relief arise from the same transaction, occurrence, or series of transactions or occurrences as the claims of the current Plaintiffs. The court also notes that Defendants do not challenge the joinder. Accordingly, **IT IS ORDERED** that:

(1)     Plaintiffs' Unopposed Motion for Joinder and for Leave to File Third Amended Complaint [#31] is **GRANTED**;

(2)     Plaintiffs shall file and serve the Third Amended Complaint on all parties under Fed. R. Civ. P. 5 no later than 14 days after the date of this Order;

(3)     A Status Conference to discuss discovery and a possible extension of deadlines in this case is **SET** for **March 24, 2016 at 10:00 a.m. in Courtroom C204**; and

(4)     The Unopposed Motion for Extension of Certain Discovery and Pretrial Deadlines [#34] is **DENIED** with leave to re-file following the Status Conference.


DATED: March 15, 2016                          BY THE COURT:

                                               s/Nina Y. Wang_____
                                               United States Magistrate Judge