## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-02325-CMA-NYW

RIVERSIDE STORAGE AND RECYCLING CENTER, a Colorado
Limited Liability Corporation, and
CRAIG SHRIVER, individually; and
KEVIN COX, individually; and
JOHN HOOD, individually; and
KIMBERLY HILLS MOBILE HOME PARK, a Foreign Limited Liability Company

Plaintiffs,

v.

CITY OF FEDERAL HEIGHTS, a Colorado Municipal Corporation;
KEN EKROSS, in his individual capacity;
JACQUELINE HALBURNT, in her individual capacity;
KRISTEN TEAGUE, in her individual capacity;
KAREN JACKSON, in her individual capacity;
TERESA GARRAMORE, in her individual capacity;
TIMOTHY WILLIAMS, in his individual capacity;
STEVEN DURIAN, in his individual capacity; and
JOHN DOE, whose true name is currently unknown in his individual capacity,

Defendants.

---

## THIRD AMENDED COMPLAINT

---

Plaintiffs Riverside Storage, LLC and Craig Shriver, Kimberly Hills Mobile Home Park, John Hood and Kevin Cox by and through their undersigned counsel, respectfully submit the following as their Third Amended Complaint in this action:

<u>GENERAL ALLEGATIONS</u>

1.      Plaintiff Riverside Storage and Recycling Center (Riverside), is a Colorado Limited Liability Corporation with its principal office located at 137 Front Street, Sterling, CO 80751.

2.      Plaintiff Kimberly Hills Mobile Home Park (Kimberly Hills) is a Foreign Limited Liability Company with its principal office located at 4956 N. 300 W., Suite 200, Provo, UT 84604.

1

3.      Defendant Federal Heights is a Colorado municipal corporation operating as a statutory town within, in relevant part, Adams County, Colorado.

4.      At all times relevant to this Complaint, Defendant Ken Ekross was the Building Official or an employee of Federal Heights. Plaintiffs sue Defendant Ekross in his individual capacity.

5.      At all times relevant to this Complaint, Defendant Jacqueline Halburnt was the City Manager or an employee of Federal Heights. Plaintiffs sue Defendant Halburnt in her individual capacity.

6.      At all times relevant to this Complaint, Defendant Steven Durian was the Federal Heights Community Services Director or an employee of Federal Heights. Plaintiffs sue Defendant Durian in his individual capacity.

7.      At all times relevant to this Complaint, Defendant Teresa Garramone was the Permit Technician or an employee of Federal Heights. Plaintiffs sue Defendant Garramone in her individual capacity.

8.      At all times relevant to this Complaint, Defendant Tim Williams was the City Planner or an employee of Federal Heights. Plaintiffs sue Defendant Williams in his individual capacity.

9.      At all times relevant to this Complaint, Defendant Kristen Teague was the Rental Housing Inspector or an employee of Federal Heights. Plaintiffs sue Defendant Teague in her individual capacity.

10.     At all times relevant to this Complaint, Defendant Karen Jackson was the Building Permit Technician or an employee of Federal Heights. Plaintiffs sue Defendant Jackson in her individual capacity.

11.     At all times relevant to this Complaint, Defendant Doe was a Federal Heights employee. Defendant Doe may be more than one person, and/or may be one or more of the named defendants. Plaintiffs will amend the complaint to reflect Defendant Doe's true name or names upon further discovery. Plaintiffs sue Defendant Doe in his/her individual capacity.

12.     At all times relevant to this Complaint, the individual Defendants were acting under the color of state and municipal law and pursuant to Federal Heights' policies, procedures, customs and practices.

13.     Plaintiff Craig Shriver (Shriver) is an individual whose principal place of residence is in Logan County, Colorado.

14.     Shriver is the owner, or has a property interest, in the property (manufactured homes) affected by flood waters and described in the City of Evans Destroyed Mobile Home List, *hereinafter* "Destroyed Home List" and attached as Exhibit A.

15.     Plaintiff Shriver and Riverside Storage at all times disclosed to the City of Federal Heights that the subject manufactured homes were affected by flood waters.

16.     Plaintiff John Hood (Hood) is an individual whose principal place of residence is in Douglas County, Colorado.

17.     Hood is the owner, or has a property interest in the four manufactured homes affected by flood waters and described in the City of Evans Destroyed Mobile Home List.(Ex. A).

18.     Plaintiff Kevin Cox (Cox) is an individual whose principal place of residence is in Broomfield County, Colorado.

19.     Cox is the owner, or has a property interest in five manufactured homes affected by flood waters and described in the City of Evans Destroyed Mobile Home List.(Ex. A).

20.     Kimberly Hills Mobile Home Park (Kimberly Hills) has a property interest that was affected by Defendants' improper Red Tagging of the mobile homes described in the City of Evans Destroyed Mobile Home List. (Ex. A)

21.     The City of Federal Heights, through the actions of the individually named Defendants, declared 208 manufactured homes identified in the Destroyed Home List as Tier 1 Debris.

22.     On February 1, 2014, Riverside Storage entered into an agreement between Kimberly Hills MHC, LLC, a mobile home park located at 2305 W. 92nd Ave, Federal Heights, Colorado 80260 and Riverside Storage to bring 50 flood-remediated manufactured homes from Evans, Colorado into the city of Federal Heights.

23.     Upon information and belief the manufactured homes owned by Cox and Hood were also contracted to be placed in Kimberly Hills.

24.     Upon information and belief, in order to fill its mobile home park located in the City of Federal Heights, Kimberly Hills contracted with Riverside Storage, Cox and Hood.

25.     Upon information and belief, as an incentive for Riverside, Shriver, Cox and Hood to set up homes, Kimberly Hills agreed to provide them with a $60,000.00 incentive per manufactured home.

26.     Shriver and Riverside paid Elite Builders to transport some of the manufactured homes listed in Exhibit A to the City of Federal Heights for "set up" at Kimberly Hills.

27.     Cox and Hood paid to transport their manufactured homes listed in Exhibit A to the City of Federal Heights for "set up" at Kimberly Hills.

28.     By Red Tagging and declaring the homes in Exhibit A Tier 1 Debris, the City of Federal Heights, through the actions of the individually named Defendants, destroyed the value and use of Shriver's, Riverside's, Cox's and Hood's property.

29.     The City of Federal Heights, through the actions of the individually named Defendants, failed to give any of the Plaintiffs specific information to enable Plaintiffs to remedy any alleged violations resulting in Red Tagging manufactured home listed in Exhibit A.

30.     The City of Federal Heights, through the actions of the individually named Defendants, failed to give any of the Plaintiffs any specific time period to remedy alleged violations that resulted in the manufactured homes listed in Exhibit A to be Red Tagged.

31.     By Red Tagging and declaring the homes in Exhibit A Tier 1 Debris, the Defendants removed all the Plaintiffs' ability to perform and charge for work on flood affected manufactured homes, including but not limited to transport and "set-up".

32.     By Red Tagging and declaring the homes in Exhibit A Tier 1 Debris, the Defendants forced Riverside and Shriver to expend extensive time and substantial money to Elite Builders of Denver, Colorado to remove the subject homes from Federal Heights to Plaintiff's storage facility in Sterling Colorado.

33.     By Red Tagging and declaring the homes in Exhibit A Tier 1 Debris, the Defendants forced Cox and Hood to expend extensive time and spend substantial money to tear-down the subject homes.

34.     By Red Tagging and declaring the homes in Exhibit A Tier 1 Debris, the Defendants forced Cox and Hood to expend extensive time and pay substantial money to movers to remove the subject homes from Federal Heights to a storage facility in Fort Lupton, Colorado.

35.     By Red Tagging and declaring the homes in Exhibit A Tier 1 Debris, the Defendants forced Cox and Hood to incur extensive storage costs to store the subject homes.

36.     By Red Tagging and declaring the homes in Exhibit A Tier 1 Debris, the Defendants forced Cox and Hood to expend extensive time and spend substantial money to repair and winterize the subject homes after they were moved to a storage facility in Fort Lupton, Colorado.

37.     By Red Tagging and declaring the homes in Exhibit A Tier 1 Debris, Defendants forced Cox and Hood to lose non-refundable earnest money when purchasing the subject mobile homes.

38.     By Red Tagging and declaring the homes in Exhibit A Tier 1 Debris, Defendants forced Cox and Hood to lose interest income arising from the subject homes.

39.     Riverside's storage facility is full due to the Red Tagged homes listed in Exhibit A, forcing Plaintiffs to turn away storage business and incur significant financial loss.

40.    By Red Tagging and declaring the homes in Exhibit A Tier 1 Debris, the Defendants took away Shriver's, Riverside's, Cox's and Hood's ability to enter into Lease Option agreements with third parties for profit.

41.    By Red Tagging and declaring the homes in Exhibit A Tier 1 Debris, the Defendants destroyed Shriver's, Riverside's, Cox's and Hood's ability to remodel, remediate and/or "set-up" flood impacted homes in the City of Federal Heights.

42.    By Red Tagging and declaring the homes in Exhibit A Tier 1 Debris, the Defendants destroyed the value and use of Plaintiffs' property.

43.    By Red Tagging and declaring the homes in Exhibit A Tier 1 Debris Kimberly Hills lost mobile home lot rental revenue.

44.    By Red Tagging and declaring the homes in Exhibit A Tier 1 Debris, Kimberly Hills suffered financial loss expended on mobile home lot preparation, including the cost to upgrade water, sewer, electrical pedestal, gas connection and electrical disconnect for the mobile homes listed in Exhibit A.

45.    Federal Heights subsequently expressed enthusiasm for the development project, even advising Riverside Storage by way of correspondence to Kimberly Hills dated July 21, 2014, written after Federal Heights inspected flood-remediated homes at Kimberly Hills. Steven Durian, Federal Heights Community Services Director, provided a list of homes that required additional permitting.

46.    None of the issues raised in Mr. Durain's July 21, 2014 correspondence had anything to do with the subject homes being affected by flood water.

47.    Without a hearing or any type of proceedings, in July of 2014 the Defendants went to Kimberly Hills and placed red tags that act as Stop Work Orders on manufactured homes either owned by Cox, Hood, Riverside Storage, or contracted as a "Set-Up Contractor."

48.    Shriver's, Riverside's, Cox's and Hood's property was red tagged "Tier 1" debris and therefore uninhabitable.

49.    On September 3, 2014 the Defendants posted at Kimberly Hills a Notice of Order and Removal for any and all manufactured homes brought from "specifically Pacific Parkway Mobile Home Courts, Bella Vista Mobile Home Park and Eastwood Village Park located in Evans Colorado."

50.    The September 3, 2014 Notice of Order and Removal was provided with no supporting documentation.

51.    The September 3, 2014 Notice of Order and Removal failed to provide any proper notice to Plaintiffs on how to appeal the Notice.

52.     In September 19, 2014 without a hearing or any governmental proceedings, Defendants sent Plaintiffs a "NOTICE AND ORDER FOR REMOVAL" for all flood-affected homes located in Kimberly Hills.

53.     Upon the manufacturing homes being red tagged, Shriver's, Riverside's, Cox's and Hood's manufactured homes were removed from Kimberly Hills, manufactured homes prepared to be moved to Kimberly Hills were canceled, and Shriver, Riverside, Cox and Hood lost the agreed upon incentive fees from Kimberly Hills.

54.     Upon the manufacturing homes being red tagged, Shriver's, Riverside's, Cox's and Hood's manufactured homes were removed from Kimberly Hills, manufactured homes prepared to be moved to Kimberly Hills were canceled, resulting in Kimberly Hills losing lot rental revenue.

55.     Defendants served Plaintiffs with a Summons alleging non-compliance with the September 19, 2014 "NOTICE AND ORDER FOR REMOVAL."

56.     In Federal Heights Municipal Court, Shriver and Riverside defended themselves against the improper legal remedy sought by the Defendants under the September 19, 2014 "NOTICE AND ORDER FOR REMOVAL".

57.     On information and belief, the Court on August 10, 2015 ruled the September 19, 2014 "NOTICE AND ORDER FOR REMOVAL" invalid.

58.     On information and belief, the Court on August 10, 2015 dismissed Federal Heights' improper Summons for the "NOTICE AND ORDER FOR REMOVAL".

59.     This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because this case presents well-pleaded federal questions arising under the 42 U.S.C. § 1983.

60.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 1983, as Federal Heights is municipal corporation operating as a statutory town within, in relevant part, Adams County, Colorado.

61.     All conditions precedent to maintaining this action have occurred or been waived.

62.     Upon information and belief, all taxes and assessments lawfully due and payable upon the Properties are fully paid as of the date hereof.

63.     Defendants failed to follow the procedure outlining in its own law.

64.     Defendants abused their discretion regarding the alleged authority to Red Tag manufactured homes by blindly and improperly adopting the City of Evans' alleged authority to "abate unsafe structures by demolition and removal." Specifically, but not limited to, International Property Maintenance Code section 110.2, Section 110; Section 107.1-.3 Notices and Orders; 108.3 Notice, Section 104.6 Department Records and 3280 IRC Building Code.

65.     The Defendants failed to specifically train its employees to properly process manufactured homes that have been in flood zones and/or affected by flood water.

66.     The city of Federal Heights' policies, practices and customs created an obvious risk that individuals will be deprived of their constitutional rights.

67.     Defendants are aware of the risk and still improperly apply municipal codes that interfere and deprive Plaintiffs of their Constitutional rights, including property rights.

68.     Despite the obvious risk of improperly red tagging manufactured homes, Federal Heights did not have meaningful policies or procedures that its agents were required to follow.

69.     City of Federal Heights employees were not trained to distinguish between properly remediated flood homes and Red Tagged Tier 1 debris.

70.     The Defendants deliberate indifference and failure to adopt adequate policies and training caused Plaintiffs' injuries.

71.     Decisions by Federal Heights' policymaking officials caused Plaintiffs' injuries.

72.     Upon information and belief, Federal Heights' policymakers were aware of the facts alleged in this Complaint.

73.     Defendants, being fully informed by Riverside and Shriver that they were not correctly following their own municipal code and IRC code, authorized the continual Red Tag Status of the subject property.

74.     Defendants abused their discretion regarding the alleged authority to Red Tag manufactured homes by improperly and with reckless disregard applying the City of Federal Heights municipal code. Specifically, but not limited to § 10-109; § 10-110, § 10-111 and § 10-112.

75.     The Red Tagged Tier 1 debris status forced Riverside, Shriver, Cox and Hood to remove the remediated manufactured homes, break its contract with Kimberly Hills and payback/forfeit the approximately $354,000.00 in incentives from Kimberly Hills, loss of all manufactured home spaces and loss of their ability to lease option their Red Tagged manufactured homes.

76.     Defendants proceeded to uphold their Notice and Order Red Tagging structures despite the certainty that they red tagged manufactured homes were not Tier 1 debris.

CLAIM FOR RELIEF
(Fourteenth Amendment, 42 U.S.C. §1983)
(Defendants Federal Heights, Ken Ekross, Tim Williams, Kristen Teague,
Karen Jackson, Teresa Garramone, John Doe, Steven Durian and Jacqueline Halburnt)


77.     Plaintiffs hereby incorporate the allegations contained in paragraphs 1 through 76 above as if recited herein.


78.     The Fourteenth Amendment forbids any state and its subdivisions to deny an individual the right to receive a fair chance with issues of life, property and due process.


79.     Under the Color of State Law/Local Government, Defendants abused their discretion by willfully, recklessly and intentionally depriving Plaintiffs of the use and value of their property, even declaring manufactured homes (without a Hearing) uninhabitable Tier 1 debris.


80.     Defendants knew they were not properly following the municipal rules, IRC codes and other codes when they failed to remove the Red Tags from the subject manufactured homes.


81.     After the initial Red Tagging, but before the removal the manufactured homes and before the contract with Kimberly Hills was broken, there was ample time for any of the individual Defendants to intervene and prevent the significant financial impact and property loss.


82.     A reasonable individual in Defendants' position would have known that their actions clearly violated the law.


83.     Federal Heights, through its policies, procedures, customs and practices, and through its deliberate indifference failed to develop adequate policies, procedures and training caused the violation of the Plaintiffs' Constitutional Rights.


84.     Due to the above facts, Plaintiffs are being deprived the right to retain and use their property and suffer damages.  Plaintiffs are entitled to compensatory and punitive damages from Defendants Ekross, Halburnt, Williams, Teague, Garramone, Doe, Durian and Jackson and compensatory damages from Defendant Federal Heights, attorney's fees pursuant to 42 U.S.C. § 1983 and all applicable law; and any additional relief the Court deems just.

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

A.  Damages in an amount to be proven at trial;

B.  Pre-judgment and post-judgment interest;

C.  Attorneys' fees and costs; and

D.  Such other and further relief as this Court deems just and proper.

DATED this 18th day of March, 2016.

BKN Murray, LLP

/s/*Aimee M. Bove*
Stuart B. Borne, Atty. Reg. No. 23622
Aimee M. Bove, Atty. Reg. No. 36915
BKN Murray, LLP
6795 E. Tennessee Ave., Ste. 330
Denver, Colorado 80224
Phone number: 303-758-5100

Plaintiffs' Addresses:

Craig Shriver
Riverside Storage
20687 Riverside Dr.
Sterling, Colorado 80751

John Hood
9271 Roadrunner St.
Highlands Ranch, Colorado 80129

Kevin Cox
4696 Rabbit Mountain Rd.
Broomfield, Colorado 80020

Kimberly Hills Mobile Home Park
2305 West 92nd Avenue
Federal Heights, Colorado 80230

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 18th day of March, 2016, a true and correct copy of the foregoing **THIRD AMENDED COMPLAINT** was filed and served by via ECF on all parties of record, as follows:

Patrick A. Singer, Esq.
Pryor Johnson Carney Karr Nixon, P.C.
5619 DTC Parkway, Suite 1200
Greenwood Village, CO 80111
Email: psinger@pjckn.com

J. Andrew Nathan
NATHAN DUMM & MAYER P.C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237-2776
anathan@ndm-law.com


/s/*Ilene Dell'Acqua*
Ilene Dell'Acqua