**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-02325-CMA-NYW

**RIVERSIDE STORAGE AND RECYCLING CENTER**, a Colorado Limited Liability Corporation, and
**CRAIG SHRIVER**, individually; and
**KEVIN COX**, individually; and
**JOHN HOOD**, individually; and
**KIMBERLY HILLS**, a Foreign Limited Liability Company

Plaintiffs,

v.

**CITY OF FEDERAL HEIGHTS**, a Colorado Municipal Corporation;
**KEN EKROSS**, in his individual capacity;
**JACQUELINE HALBURNT**, in her individual capacity; and
**STEVEN DURIAN**, in his individual capacity,

Defendants.

---

## ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT AND JURY DEMAND

---

Defendants, City of Federal Heights, Ken Ekross, and Jacqueline Halburnt, appearing separately from Steven Durian, by and through their attorneys, J. Andrew Nathan and Brenden Desmond, of the firm Nathan Dumm & Mayer P.C., as and for an Answer to Plaintiffs' Fourth Amended Complaint state and allege as follows:

1.     With reference to paragraph 1 of Plaintiffs' Fourth Amended Complaint, these Defendants aver they are currently uninformed and therefore, at this time, deny the same.

2.      With reference to paragraph 2 of Plaintiffs' Fourth Amended Complaint, these Defendants aver they are currently uninformed and therefore, at this time, deny the same.

3.      With reference to paragraph 3 of Plaintiffs' Fourth Amended Complaint, these Defendants admit the allegations contained in this paragraph.

4.      With reference to paragraph 4 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Mr. Ekross was the Building Official of Federal Heights at most times relevant. These Defendants need not admit or deny the capacity in which Plaintiffs sue Mr. Ekross.

5.      With reference to paragraph 5 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Ms. Halburnt was City Manager of Federal Heights at all times relevant. These Defendants need not admit or deny the capacity in which Plaintiffs sue Ms. Halburnt.

6.      With reference to paragraph 6 of Plaintiffs' Fourth Amended Complaint, these Defendants aver that the allegations are not directed to them, so no response is necessary. To the extent a response is necessary, these Defendants admit the allegations.

7.      With reference to paragraph 7 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Ms. Garramone was the Permit Technician of Federal Heights at most times relevant.

8.      With reference to paragraph 8 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Mr. Williams was City Planner for Federal Heights at most times relevant.

9.      With reference to paragraph 9 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Ms. Teague was the Rental Housing Inspector for Federal Heights at most times relevant.

10.     With reference to paragraph 10 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Ms. Jackson was the Building Permit Technician for Federal Heights at most times relevant.

11.     With reference to paragraph 11 of Plaintiffs' Fourth Amended Complaint, these Defendants admit to the allegations in the paragraph that are directed towards them. These Defendants further aver they are currently uninformed as to the other Defendant, and therefore, at this time, deny the same.

12.     With reference to paragraph 12 of Plaintiffs' Fourth Amended Complaint, these Defendants aver they are currently uninformed as to the residence of Mr. Shriver and therefore, at this time, deny the same. Any remaining allegations in the paragraph are denied.

13.     These Defendants deny the allegations contained in paragraph 13 of Plaintiffs' Fourth Amended Complaint.

14.     These Defendants deny the allegations contained in paragraph 14 of Plaintiffs' Fourth Amended Complaint.

15.     With reference to paragraph 15 of Plaintiffs' Fourth Amended Complaint, these Defendants aver they are currently uninformed as to the residence of Mr. Hood, and therefore, at this time, deny the same. Any remaining allegations in the paragraph are denied.

16.     These Defendants deny the allegations contained in paragraph 16 of Plaintiffs' Fourth Amended Complaint

17.     With reference to paragraph 17 of Plaintiffs' Fourth Amended Complaint, these Defendants aver they are currently uninformed as to the residence of Mr. Cox, and therefore, at this time, deny the same. Any remaining allegations in the paragraph are denied.

18.     These Defendants deny the allegations contained in paragraph 18 of Plaintiffs' Fourth Amended Complaint

19.     These Defendants deny the allegations contained in paragraph 19 of Plaintiffs' Fourth Amended Complaint

20.     These Defendants deny the allegations contained in paragraph 20 of Plaintiffs' Fourth Amended Complaint.

21.     With reference to paragraph 21 of Plaintiffs' Fourth Amended Complaint, these Defendants are currently uninformed concerning any agreements between the Plaintiffs, and therefore, at this time, deny the same. Any remaining allegations in the paragraph are denied.

22.     With reference to paragraph 22 of Plaintiffs' Fourth Amended Complaint, these Defendants are currently uninformed concerning any agreements between the

Plaintiffs, and therefore, at this time, deny the same. Any remaining allegations contained in the paragraph are denied.

23.     These Defendants deny the allegations contained in paragraph 23 of Plaintiffs' Fourth Amended Complaint

24.     These Defendants deny the allegations contained in paragraph 24 of Plaintiffs' Fourth Amended Complaint

25.     These Defendants deny the allegations contained in paragraph 25 of Plaintiffs' Fourth Amended Complaint

26.     With reference to paragraph 26 of Plaintiffs' Fourth Amended Complaint, these Defendants are currently uninformed concerning any agreements between Plaintiffs and third parties, and therefore, at this time, deny the same. Any remaining allegations contained in the paragraph are denied.

27.     These Defendants deny the allegations contained in paragraph 27 of Plaintiffs' Fourth Amended Complaint.

28.     These Defendants deny the allegations contained in paragraph 28 of Plaintiffs' Fourth Amended Complaint.

29.     These Defendants deny the allegations contained in paragraph 29 of Plaintiffs' Fourth Amended Complaint.

30.     These Defendants deny the allegations contained in paragraph 30 of Plaintiffs' Fourth Amended Complaint.

31.     These Defendants deny the allegations contained in paragraph 31 of Plaintiffs' Fourth Amended Complaint.

32.     These Defendants deny the allegations contained in paragraph 32 of Plaintiffs' Fourth Amended Complaint.

33.     These Defendants deny the allegations contained in paragraph 33 of Plaintiffs' Fourth Amended Complaint.

34.     These Defendants deny the allegations contained in paragraph 34 of Plaintiffs' Fourth Amended Complaint.

35.     These Defendants deny the allegations contained in paragraph 35 of Plaintiffs' Fourth Amended Complaint.

36.     These Defendants deny the allegations contained in paragraph 36 of Plaintiffs' Fourth Amended Complaint.

37.     These Defendants deny the allegations contained in paragraph 37 of Plaintiffs' Fourth Amended Complaint.

38.     With reference to paragraph 38 of Plaintiffs' Fourth Amended Complaint, these Defendants are currently uninformed about Riverside's facilities and therefore, at this time, deny the same. All remaining allegations in the paragraph are denied.

39.     These Defendants deny the allegations contained in paragraph 39 of Plaintiffs' Fourth Amended Complaint.

40.     These Defendants deny the allegations contained in paragraph 40 of Plaintiffs' Fourth Amended Complaint.

41.     These Defendants deny the allegations contained in paragraph 41 of Plaintiffs' Fourth Amended Complaint.

42.     These Defendants deny the allegations contained in paragraph 42 of Plaintiffs' Fourth Amended Complaint.

43.     These Defendants deny the allegations contained in paragraph 43 of Plaintiffs' Fourth Amended Complaint.

44.     With reference to paragraph 44 of Plaintiffs' Fourth Amended Complaint, these Defendants admit Steven Durian wrote an email to Kimberly Hills on July 21, 2014, which speaks for itself. Any remaining allegations contained in the paragraph not specifically admitted, are denied.

45.     With reference to paragraph 45 of Plaintiffs' Fourth Amended Complaint, these Defendants admit Steven Durian wrote an email to Kimberly Hills on July 21, 2014, which speaks for itself. Any remaining allegations contained in the paragraph not specifically admitted, are denied.

46.     These Defendants deny the allegations contained in paragraph 46 of Plaintiffs' Fourth Amended Complaint.

47.     With reference to paragraph 47 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that certain flood-damaged mobile homes were "red-tagged" and designated "Tier 1" debris and considered uninhabitable by the State of Colorado, the City of Evans, and the Federal Emergency Management Administration. These Defendants also aver that any implication of wrongdoing by these Defendants are denied. All remaining allegations contained in the paragraph is denied.

48.     With reference to paragraph 48 of Plaintiffs' Fourth Amended Complaint, these Defendants admit that Ken Ekross posted a notice at Kimberly Homes, which speaks for itself. Any remaining allegations contained in the paragraph are denied.

49.     These Defendants deny the allegations contained in paragraph 49 of Plaintiffs' Fourth Amended Complaint.

50.     These Defendants deny the allegations contained in paragraph 50 of Plaintiffs' Fourth Amended Complaint.

51.     These Defendants deny the allegations contained in paragraph 51 of Plaintiffs' Fourth Amended Complaint.

52.     These Defendants deny the allegations contained in paragraph 52 of Plaintiffs' Fourth Amended Complaint.

53.     These Defendants deny the allegations contained in paragraph 53 of Plaintiffs' Fourth Amended Complaint.

54.     With reference to paragraph 54 of Plaintiffs' Fourth Amended Complaint, these Defendants admit Plaintiff Craig Shriver was served a summons, which speaks for itself. All remaining allegations contained in the paragraph are denied.

55.     These Defendants deny the allegations contained in paragraph 55 of Plaintiffs' Fourth Amended Complaint.

56.     These Defendants are currently uninformed as to the allegations contained in paragraph 56 of Plaintiffs' Fourth Amended Complaint and therefore, at this time, deny the same.

57.     These Defendants are currently uninformed as to the allegations contained in paragraph 57 of Plaintiffs' Fourth Amended Complaint and therefore, at this time, deny the same.

58.     With reference to paragraph 58 of Plaintiffs' Fourth Amended Complaint, these defendants admit federal claim jurisdiction.

59.     These defendants admit venue is proper.

60.     These Defendants deny the allegations contained in paragraph 60 of Plaintiffs' Fourth Amended Complaint.

61.     These Defendants are currently uninformed as to the allegations contained in paragraph 61 of Plaintiffs' Fourth Amended Complaint and therefore, at this time, deny the same.

62.     These Defendants deny the allegations contained in paragraph 62 of Plaintiffs' Fourth Amended Complaint.

63.     These Defendants deny the allegations contained in paragraph 63 of Plaintiffs' Fourth Amended Complaint.

64.     These Defendants deny the allegations contained in paragraph 64 of Plaintiffs' Fourth Amended Complaint.

65.     These Defendants deny the allegations contained in paragraph 65 of Plaintiffs' Fourth Amended Complaint.

66.     These Defendants deny the allegations contained in paragraph 66 of Plaintiffs' Fourth Amended Complaint.

67.     These Defendants deny the allegations contained in paragraph 67 of Plaintiffs' Fourth Amended Complaint.

68.     These Defendants deny the allegations contained in paragraph 68 of Plaintiffs' Fourth Amended Complaint.

69.     These Defendants deny the allegations contained in paragraph 69 of Plaintiffs' Fourth Amended Complaint.

70.     These Defendants deny the allegations contained in paragraph 70 of Plaintiffs' Fourth Amended Complaint.

71.     These Defendants deny the allegations contained in paragraph 71 of Plaintiffs' Fourth Amended Complaint.

72.     These Defendants deny the allegations contained in paragraph 72 of Plaintiffs' Fourth Amended Complaint.

73.     These Defendants aver that the code sections cited in paragraph 73 of Plaintiffs' Fourth Amended Complaint speak for themselves and these Defendants deny all remaining allegations contained in the paragraph.

74.     With reference to paragraph 74 of Plaintiffs' Fourth Amended Complaint, these Defendants are currently uninformed as to the contracts between Plaintiffs, and therefore, at this time, deny the same, these Defendants specifically deny any allegations or implications of wrongdoing. All remaining allegations in the paragraph are denied.

75.     These Defendants deny the allegations contained in paragraph 75 of Plaintiffs' Fourth Amended Complaint.

76.     These Defendants hereby incorporate all other paragraphs of this Answer to Plaintiffs' Fourth Amended Complaint and Jury Demand as if fully set forth herein.

77.      With reference to paragraph 77 of Plaintiffs' Fourth Amended Complaint, these Defendants deny that Plaintiffs have accurately, fully, or in context, identified a constitutional right and further note that the alleged constitutional right is subject to applicable exceptions. Therefore, these Defendants deny the allegations.

78.     These Defendants deny the allegations contained in paragraph 78 of Plaintiffs' Fourth Amended Complaint.

79.     These Defendants deny the allegations contained in paragraph 79 of Plaintiffs' Fourth Amended Complaint.

80.     These Defendants deny the allegations contained in paragraph 80 of Plaintiffs' Fourth Amended Complaint.

81.     These Defendants deny the allegations contained in paragraph 81 of Plaintiffs' Fourth Amended Complaint.

82.     These Defendants deny the allegations contained in paragraph 82 of Plaintiffs' Fourth Amended Complaint.

83.     These Defendants deny the allegations contained in paragraph 83 of Plaintiffs' Fourth Amended Complaint.

84.     These Defendants deny each and every other allegation contained in Plaintiffs' Fourth Amended Complaint not heretofore specifically admitted.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Fourth Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, if any, were caused by the reason of Plaintiffs' own acts and conduct, including, but not limited to, Plaintiffs' refusal to comply with state and federal regulations regarding flood-damaged mobile homes.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred because even if they had received the due process allegedly owed to them, there would have been no change to the result.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs may have failed to reasonably mitigate their alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs alleged damages may have been caused in whole or in part by non-parties over whom these Defendants had neither control nor a right of control.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred on the grounds of ripeness for failure to seek administrative remedies, including administrative appeals available to Plaintiffs.

### SEVENTH AFFIRMATIVE DEFENSE

The individual Defendants assert the defense of qualified immunity.

## EIGHTH AFFIRMATIVE DEFENSE

These Defendants may be entitled to their costs and reasonable attorney fees incurred in defense of this matter.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by the doctrines of waiver and estoppel.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred for failure to join an indispensable party or parties necessary to the present action.

## ELEVENTH AFFIRMATIVE DEFENSE

These Defendants hereby incorporate any applicable defenses asserted by Defendant Steven Durian not made herein.

## RESERVATION OF OTHER DEFENSES

These Defendants reserve the right to assert other defenses which may be disclosed as discovery and investigation are accomplished, and hereby request leave of Court to amend the within Answer, if necessary, at a later date.

WHEREFORE, having fully answered the Plaintiffs' Fourth Amended Complaint, these Defendants request the same be dismissed and denied and they have judgment against the Plaintiffs for all costs herein expended, for expert witness' fees, for attorney's fees as provided by law, and for such other and further relief as this Court may deem proper.

THESE DEFENDANTS REQUEST A TRIAL BY JURY OF ALL ISSUES

CONTAINED HEREIN WHICH ARE SO TRIABLE.

Respectfully submitted this 3rd day of November, 2016.

s/ J. Andrew Nathan
J. Andrew Nathan
Brenden Desmond
NATHAN DUMM & MAYER P.C.
7900 E. Union Avenue, Suite 600
Denver, CO  80237-2776
Phone Number: (303) 691-3737
Fax: (303) 757-5106

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 3rd day of November, 2016  I electronically filed the foregoing **ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT AND JURY DEMAND** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following at their e-mail addresses:.

Stuart B. Borne, Esq.
Aimee M. Bove, Esq.
BKN Murray, LLP
6795 E. Tennessee Ave., Ste. 330
Denver, Colorado 80224
Phone: 303-758-5100
*Attorneys for Plaintiff*

Patrick A. Singer, Esq.
Pryor Johnson Carney Karr Nixon, P.C.
5619 DTC Parkway, Suite 1200
Greenwood Village, CO 80111
Phone: 303-773-3500
Email: psinger@pjckn.com
*Attorney for Defendant Steven Durian*

*s/ Lauren Pembo*
Lauren Pembo, Paralegal

NATHAN DUMM & MAYER P.C.