**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-02325-CMA-NYW

**RIVERSIDE STORAGE AND RECYCLING CENTER**, a Colorado Limited Liability Corporation; and
**CRAIG SHRIVER**, individually;
**KEVIN COX**, individually;
**JOHN HOOD**, individually; and
**KIMBERLY HILLS MOBILE HOME PARK**, a foreign Limited Liability Company;

Plaintiffs,

v.

**CITY OF FEDERAL HEIGHTS**, a Colorado Municipal Corporation;
**KEN EKROSS**, in his individual capacity;
**JACQUELINE HALBURNT**, in her individual capacity;
**STEVEN DURIAN**, in his individual capacity; and

Defendants.

---

## ANSWER TO FOURTH AMENDED COMPLAINT BY
## DEFENDANT STEVEN DURIAN

---

Defendant, Steven Durian, by counsel, Kresl & Johnson, P.C., respectfully presents his admissions, denials, objections, and averments in response to Plaintiffs' Fourth Amended Complaint (Doc. 78, filed 10/21/16) by corresponding numbered paragraph of the amended complaint.

GENERAL ALLEGATIONS

1.      This Defendant is without information sufficient to form a belief about the truth of the allegation and it is therefore denied.

2.      This Defendant is without information sufficient to form a belief about the truth of the allegation and it is therefore denied.

3.      This Defendant admits that the City of Federal Heights is a municipal corporation located in Adams County, Colorado.  He is without sufficient information to form a belief about the truth of the remaining allegations and they are therefore denied.

4.      This Defendant admits that Defendant, Ken Ekross, was at certain times employed by the City of Federal Heights, but he is without sufficient information to form a belief about the truth of the remaining allegations and they are therefore denied.

5.      This Defendant admits that Defendant, Jacqueline Halburnt, was at certain times employed by the City of Federal Heights, but he is without sufficient information to form a belief about the truth of the remaining allegations and they are therefore denied.

6.      This Defendant objects to the phrase "at all times relevant to this Complaint" as vague and potentially misleading.  He admits he was formerly employed by the City of Federal Heights as Community Services Director.   Any remaining allegations are denied.

7.      This Defendant admits that Teresa Garramone (who is no longer a Defendant) was at certain times employed by the City of Federal Heights, but he is without sufficient information to form a belief about the truth of the remaining allegations and they are therefore denied.

8.      This Defendant admits that Tim Williams (who is no longer a Defendant) was at certain times employed by the City of Federal Heights, but he is without sufficient

information to form a belief about the truth of the remaining allegations and they are therefore denied.

9.      This Defendant admits that Kristen Teague (who is no longer a Defendant) was at certain times employed by the City of Federal Heights, but he is without sufficient information to form a belief about the truth of the remaining allegations and they are therefore denied.

10.     This Defendant admits that Karen Jackson (who is no longer a Defendant) was at certain times employed by the City of Federal Heights, but he is without sufficient information to form a belief about the truth of the remaining allegations and they are therefore denied.

11.     This Defendant objects to the allegations contained in the Fourth Amended Complaint ¶ 11 as vague and potentially misleading.

12.     This Defendant is without sufficient information to form a belief about the truth of the allegations and they are therefore denied.

13.     Deny.

14.     Deny.

15.     This Defendant is without sufficient information to form a belief about the truth of the allegations and they are therefore denied.

16.     Deny.

17.     This Defendant is without sufficient information to form a belief about the truth of the allegations and they are therefore denied.

18.     Deny.

19.     Deny.

20.     Deny.

21.     This Defendant is without sufficient information to form a belief about the truth of the allegations and they are therefore denied.

22.     Deny.

23.     Deny.

24.     Deny.

25.     This Defendant is without sufficient information to form a belief about the truth of the allegations and they are therefore denied.

26.     Deny.

27.     Deny.

28.     Deny.

29.     Deny.

30.     Deny.

31.     Deny.

32.     Deny.

33.     Deny.

34.     Deny.

35.     Deny.

36.     Deny.

37.     Deny.

38.     Deny.

39.     Deny.

40.     Deny.

41.     Deny.

42.     Deny.

43.     Deny.

44.     This Defendant objects to the allegations as vague and potentially misleading.  He admits he drafted correspondence regarding the need to address certain concerns and requirements applicable to certain mobile homes.  Any remaining allegations are denied.

45.     This Defendant is without sufficient information to form a belief about the truth of the allegations and they are therefore denied.

46.     This Defendant admits that certain mobile homes were marked and the remaining allegations are denied.

47.     This Defendant objects to the allegations as vague and potentially misleading.  This Defendant is without sufficient information to form a belief about the truth of the allegations and they are therefore denied.

48.     This Defendant admits there is a Notice and Order for Removal dated September 3, 2014.  This Defendant is without sufficient information to form a belief about the truth of the remaining allegations and they are therefore denied.

49.     This Defendant objects to the allegations contained in Fourth Amended Complaint ¶ 49 as vague and potentially misleading.  Any remaining allegations are denied.

50.     Deny.

51.     This Defendant admits there is a Notification of Flood-Damaged Homes dated September 19, 2014.   This Defendant objects to the remaining allegations as vague and potentially misleading.   Any remaining allegations are denied.

52.     Deny.

53.     Deny.

54.     This Defendant admits Plaintiff, Craig Shriver, was served a summons, which speaks for itself.   Any remaining allegations are denied.

55.     This Defendant admits Mr. Shriver appeared as a defendant in Federal Heights Municipal Court.   Any remaining allegations are denied.

56.     Deny.

57.     This Defendant objects to the allegations as vague and potentially misleading.   Any remaining allegations are denied.

58.     This Defendant admits that Plaintiffs purport to bring a claim under 42 U.S.C § 1983 and that this Court has subject matter jurisdiction over this case.   The remaining allegations are denied.

59.     This Defendant does not object to venue at this time.

60.     Deny.

61.     This Defendant is without sufficient information to form a belief about the truth of the allegations and they are therefore denied.

62.     Deny.

63.     Deny.

64.     Deny.

65.     Deny.

66.     Deny.

67.     Deny.

68.     Deny.

69.     Deny.

70.     Deny.

71.     Deny.

72.     Deny.

73.     Deny.

74.     Deny.

75.     Deny.

CLAIM FOR RELIEF
(Fourteenth Amendment, 42 U.S.C. § 1983)
(Defendants Federal Heights, Ken Ekross, Steven Durian, and Jacqueline Halburnt)

76.     This Defendant incorporates his corresponding responses.

77.     Deny.

78.     Deny.

79.     Deny.

80.     Deny.

81.     Deny.

82.     Deny.

83.     Deny.

No response is required to Plaintiffs' wherefore clause and to the extent a response may be deemed to be required, this Defendant denies the allegations.

**Any allegation not specifically admitted above is hereby denied.**

DEFENSES

1.     Plaintiffs fail to state a claim upon which relief can be granted.

2.     Plaintiffs' alleged *damages* may be barred or reduced in proportion to the amount of comparative negligence attributable to Plaintiffs.

3.     Plaintiffs' claims may be barred in whole or in part by their failure to mitigate damages.

4.     The percentage of fault, if any, of other Defendants and nonparties at fault may bar or reduce Plaintiffs' alleged damages.

5.     Any alleged negligence on the part of this Defendant may be reduced or eliminated by Plaintiffs' own voluntary or unreasonable exposure to injury.

6.     Plaintiffs' claims and any alleged liability on the part of this Defendant and any alleged damages may be barred or limited by federal statute.

7.     Plaintiffs' damages, if any, may have been caused by superseding or intervening acts for which these Defendants are not responsible.

8.     Plaintiffs' damages, if any, may be reduced by payments from collateral sources.

9.     Plaintiffs may not be the real parties in interest.

10.     Plaintiffs' claims may be barred by the applicable statute of limitations or repose.

11.     Plaintiffs' claims may be barred by the defense of unclean hands, as Plaintiffs may have engaged in improper conduct in acquiring the rights they now assert.

12.     At all times relevant to this action, the conduct of this Defendant was lawful, justified, privileged, performed in good faith, and is entitled to qualified immunity.

13.     These Defendants did not have the requisite subjective knowledge and intent to be liable for deliberate indifference.

14.     Plaintiffs' alleged injuries are not sufficiently serious to meet the objective component of the deliberate indifference standard.

15.     This Defendant is not liable under the standards announced in applicable case law.

16.     Plaintiffs' claims must be barred or reduced because even assuming the notice and hearing they claim they were denied, Plaintiffs would not have obtained the benefits they allege.

17.     Plaintiff's alleged injuries were not proximately caused by this Defendant.

18.     This Defendant is entitled to qualified immunity because his actions were taken in good faith and were objectively reasonable under the circumstances. Moreover, this Defendant did not engage in any conduct that violated a constitutional right that was clearly established at the time when the allegedly unconstitutional conduct occurred.

19.     Plaintiffs' claim is not ripe for failure to pursue administrative and/or civil remedies under applicable Supreme Court and Tenth Circuit law.

20.    This Defendant reserves the right to add additional defenses or amend any defenses as additional information becomes available through investigation and the discovery proceedings.

21.    This Defendant additionally adopts the defenses presented by his co-defendants in this case.

Wherefore, this Defendant respectfully requests that the Court dismiss Plaintiffs' claims and award him all fees and costs and other relief the Court deems just.

**THIS DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated: November 4, 2016

_s/      Patrick A. Singer_
Patrick A. Singer
Kresl & Johnson, P.C.
130 Rampart Way, Ste. 200
Denver, Colorado 80230
Phone: (303) 336-2100
Fax: (303) 388-1749
psinger@kresljohnson.com
_Counsel for Defendant, Steven Durian_

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of November, 2016, I electronically filed the foregoing using the CM/ECF system which will send notification of such filing to the following:

Stuart B. Borne, Esq.
Aimee M. Bove, Esq.
BKN Murray, LLP
6795 E. Tennessee Ave., Ste. 330
Denver, Colorado 80224
Phone: 303-758-5100
Attorneys for Plaintiffs

J. Andrew Nathan
Brenden Desmond
NATHAN DUMM & MAYER P.C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237-2776
Phone Number: (303) 691-3737
Fax: (303) 757-5106
Attorneys for Defendants,
City of Federal Heights, Ken Ekross,
And Jacqueline Halburnt

                                        s/      *Patrick A. Singer*
                                        Patrick A. Singer