**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-02325-CMA-NYW

**RIVERSIDE STORAGE AND RECYCLING CENTER**, a Colorado Limited Liability
Corporation; and
**CRAIG SHRIVER,** individually; and
**KEVIN COX**, individually; and
**JOHN HOOD**, individually; and
**KIMBERLY HILLS MOBILE HOME PARK**, a Limited Liability Company,

Plaintiffs,

v.

**CITY OF FEDERAL HEIGHTS**, a Colorado Municipal Corporation;
**KEN EKROSS**, in his individual capacity;
**JACQUELINE HALBURNT**, in her individual capacity;
**STEVEN DURIAN**, in his individual capacity;

Defendants.

---

## FINAL PRETRIAL ORDER

---

## 1. DATE AND

## APPEARANCES

Pre-Trial Conference is December 16, 2016 at 3:00 pm in Courtroom C204.

a. Plaintiff Riverside Storage and Recycling Center and Craig Shriver:

> Aimee M. Bove
> BKN Murray LLP
> 6795 E. Tennessee Avenue, Suite 330
> Denver, Colorado 80224
> Telephone (303) 758-5100
> above@bknmurray.com

b.  Defendants City of Federal Heights and Defendants Ekross and Halburnt, (hereinafter referred to as "Federal Heights"):

> J. Andrew Nathan
> Brenden Desmond
> *Nathan Dumm & Mayer P.C.*
> 7900 E. Union Avenue, Suite 600
> Denver, CO 80237
> Phone: (303) 691-3737
> Email: bdesmond@ndm-law.com, anathan@ndm-law.com

c.  Defendant Durian:

> Patrick A. Singer, Esq.
> Kresl & Johnson PC
> 130 Rampart Way, Suite 200
> Denver, CO  80230
> Phone:  303-336-2100
> psinger@kresljohnson.com

## 2.  JURISDICTION

This action arises out of Plaintiffs' claims of deprivation of civil rights under 42 U.S.C. § 1983. Plaintiffs' Fourth Amended Complaint contains a claim for relief under the U.S. Constitution.

This case was removed from Adams County District Court, State of Colorado, pursuant to 28 U.S.C. § 1441(a). Plaintiffs' claims also constitute a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1331.

### 3.  CLAIMS AND DEFENSES

a.      **Plaintiffs:**

Plaintiffs brought this claim under 42 U.S.C. §1983 against Defendants for procedural and substantive due process violations.  Without notice or opportunity to correct alleged violations, Federal Heights issued two Notices and Orders for Removal requiring all mobile homes affected by the 2013 flood in the City of Evans be removed and forever excluded from its jurisdiction.  Federal Heights' September 3, 2014 Notice declared the homes a nuisance.  The September 19, 2014 Notice revoked permits for Plaintiffs' alleged failure to disclose unknown facts.  Federal Heights' employee, Mr. Durian also removed occupancy insignias from Plaintiffs' mobile homes without inspection or notice.  Plaintiffs' contracts to provide safe affordable housing in Federal Heights were destroyed by the Notices and Orders for Removal and Mr. Durian's removal of the occupancy insignias.  These improper notices and actions made performance of Plaintiffs' contracts, a protected property interest, impossible, in that they could not place the homes for occupation within Federal Heights, and thus deprived them of the said property interest.  Plaintiffs Shriver and Kimberly Hills also have a property interest in the permits revoked in violation of Plaintiffs' procedural due process rights.

Plaintiff Shriver entered into an agreement with Kimberly Hills MHC, LLC, a mobile home park located at 2305 W. 92nd Ave, Federal Heights, Colorado 80260, to bring 50 flood-remediated manufactured homes from Evans into the city of Federal Heights. Plaintiffs Cox and Hood contracted and invested money with Mobile Home Pros to place 9 City of Evans flood affected homes also at Kimberly Hills.  On or about

September 3, 2014, the Defendants posted a Notice of Order and Removal at Kimberly Hills for any and all manufactured homes brought from "specifically Pacific Parkway Mobile Home Courts, Bella Vista Mobile Home Park and Eastwood Village Park located in Evans Colorado." The September 3, 2014 Notice provided neither supporting documents nor proper notice to Plaintiffs on how to appeal the Notice. On September 19, 2014, without a hearing or any governmental proceedings, Defendants mailed Mr. Shriver a notice to remove all flood-affected homes located in Kimberly Hills due to alleged failure to disclose the flood affected homes were Tier 1 debris. Neither Federal Heights nor Plaintiffs knew the City of Evans had written a letter calling the homes Tier 1 Debris when the application was made and/or processed. Neither the September 3 or September 19 notices provided any appeal information.

Plaintiffs disclosed to the City of Federal Heights that the subject manufactured homes were affected by flood waters. The named Defendants were acting under the color of state and municipal law and pursuant to Federal Heights' policies, procedures, customs and practices when the Notices were sent and insignias removed. There were no procedures implemented to protect Plaintiffs' interest when the Notices were issued or insignias removed. Federal Heights decided not to inspect each home, did not examine supporting documentation regarding the City of Evans Tier 1 designation and gave Plaintiffs no notice or opportunity to correct the alleged infractions. Federal Heights has procedures supported by the Colorado Division of Housing to insure that mobile homes brought into the City are safe for occupancy. Federal Heights abandoned these procedures when 9News began asking questions about flood affected mobile homes within Federal Heights.

Defendants served Plaintiff Shriver with a Summons alleging non-compliance with the September 19, 2014 Notice.  In Federal Heights Municipal Court, Plaintiff Shriver defended himself against the improper legal remedy sought by the Defendants under the September 19, 2014 Notice.  On August 10, 2015 the State Court ruled the September 19, 2014 Notice invalid for failure to provide documentation cited within the Order.

Plaintiffs assert a substantive due process interest in their right to contract free from arbitrary and capricious restrictions imposed by application of municipal laws. Federal Heights had a process for flood affected manufactured homes in the City. But after 9News knocked on the door with its investigative reporter, Federal Heights intentionally disregarded procedures provided by the State of Colorado and its own codes governing new homes brought into its jurisdiction. The Federal Heights Community Services Director, Mr. Durian, intentionally removed state occupancy insignias, with complete disregard for the inspection and notice requirements with the intent to make the homes uninhabitable.

It wasn't an emergency that empowered Federal Heights to abandon its own procedures and issue the Notices and Orders of Removal.  In this case, there was no urgency; the historic 2013 flood waters had receded, the flood affected homes were cleaned and they sat vacant in the City of Federal Heights. The arbitrary issuance of those Notices was part of the pattern and practice of Federal Heights intentionally targeting Plaintiffs to cause harm.

The Federal Heights building inspector, Mr. Ekross had a history with Mr. Shriver before the latter brought flood affected homes into Federal Heights.  The

Federal Heights building department has a history of backtracking and being prejudiced against Mr. Shriver and will do whatever it can do to keep Mr. Shriver from doing business in the City, which in this case, included getting rid of the flood affected homes.

Federal Heights City Manager Jacqueline Halburnt knew Mr. Durian violated Federal Heights adopted International Residence Code Section R104.6 and Colorado Department of Housing rules when he entered private property to remove insignias. Ms. Halburnt did not have the Plaintiffs' occupancy insignias replaced; instead she allowed the continual violation of law which destroyed Plaintiffs' Cox and Hood's ability to fulfill their contact.

Moreover, she greenlighted the September 19, 2014 Notice and Order without Federal Heights obtaining the supporting information listed in the notices and prescribed by law. Ms. Halburnt knew ordering immediate removal of mobile homes extinguished Plaintiffs' contracts contrary to state decree and municipal codes.

Mr. Durian and Mr. Ekross intended to deprive Plaintiffs of their due process rights.  There was no emergency. The public was not in harm's way.  The State of Colorado and Federal Heights have procedures to set safe homes and remove dangerous nuisances.  Federal Heights, through its employees, acted with deliberate indifference to its own established procedure, violating their substantive due process rights. Federal Heights' intentional and deliberate indifference in issuing the Notices of Removal and removing the insignias, knowing that these actions would destroy Plaintiffs' property interest, shocks the conscience.

Plaintiffs' damages are fully outlined in expert Roderick Knoll's expert and

rebuttal expert reports.

    b.    **Defendants:**

Plaintiffs' Amended Complaint does not meet the standard for a due process violation, either procedural or substantive, whichever Plaintiffs is claiming.  First, Plaintiffs do not have a protectable property interest.  Second, Plaintiffs were also attempting to set up illegal, uninhabitable, and/or toxic manufactured homes in violation of local, state, and/or federal law and/or regulations, and ones that presented health and safety concerns. Third, even if Plaintiffs, or any of them, did have a protectable property interest, the process they received or which was available was constitutionally sufficient. Finally, these Defendants' actions did not "shock the conscience," and were not an intentional or reckless misuse of government power.

In addition to these defenses, these Defendants also assert the following affirmative defenses:

1. Plaintiffs fail to state a claim upon which relief can be granted

2. Plaintiffs' alleged damages, if any, were cause by the reason of Plaintiffs' own acts and conduct, and specifically Plaintiffs' refusal to comply with state and federal regulations regarding flood-damaged mobile homes.

3. Plaintiffs' claims may be barred because even if they had received the due process allegedly owed to them, there would have been no change in the result.

4. Plaintiffs may have failed to reasonably mitigate their alleged damages.

5. Plaintiffs' alleged damages may have been caused in whole or in part by non-parties over whom these Defendants had neither control nor a right of control.

6.  Plaintiffs' claims may be barred on the grounds of ripeness for failure to seek administrative remedies, including administrative appeals available to Plaintiffs.

7.  These individual Defendants assert the defense of qualified immunity.

8.  Plaintiffs' claims may be barred by doctrines of waiver and estoppel.

9.  Plaintiffs may not have standing to assert their claims.

10. Plaintiffs' claims may be barred by doctrine of ripeness.

## 4.  STIPULATIONS

The following facts are undisputed:

a.  The Court has jurisdiction over this matter after it was properly removed from Adams County District Court, State of Colorado, pursuant to 28 U.S.C. § 1441(a).

b.  The Court also has original jurisdiction over this matter under 28 U.S.C. § 1331.

c.  The Court has personal jurisdiction over the Defendants.

d.  Venue is proper in this Court.

e.  The City of Federal Heights is a municipality located in the County of Adams, State of Colorado.

f.  Ken Ekross previously worked for the City of Federal Heights in its building department.

g.  Jacqueline Halburnt is employed by the City of Federal Heights.

h.  Steven Durian previously worked for the City of Federal Heights.

i.  On September 3, 2014, after receiving notice regarding the damaged mobile homes from the State of Colorado, the City of Federal Heights posted a "Notice and Order of Removal" at Kimberly Hills Mobile Home Park for flood-damaged

mobile homes moved into the Park from the City of Evans.

j.   Mr. Shriver failed to remove one home (VIN # CLW017405TX) and was cited for a code violation.

k.   Mr. Shriver appeared in municipal court for this violation and was represented by counsel.

## 5.  PENDING MOTIONS

Summary Judgment Motion by Defendants.

## 6.  WITNESSES

a.    List the nonexpert witnesses to be called by each party.  List separately:

(1)    Plaintiffs' Witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A)):

1.   Craig Shriver.  c/o Aimee M. Bove, BKN Murray LLP, 6795 E. Tennessee Avenue, Suite 330, Denver, CO 80224.  303-758-5100.  Mr. Shriver will testify regarding policies, procedures, industry standards and other information surrounding the mobile home industry, including compliance with local laws and regulations, and facts surrounding the claims in the subject suit. This testimony is further identified in his non-retained expert witness disclosure.   He will testify to Federal Heights' and the named defendants' actions and omissions as it pertains to his due process claim.

2.   Ken Ekross.  c/o Brenden Desmond or J. Andrew Nathan.  Nathan Dumm & Meyer PC. 7900 E. Union Avenue, Suite 600, Denver, CO  80237.  303-691-3737.   Mr. Ekross will testify regarding policies, procedures, industry standards and other information surrounding the mobile home industry,

including compliance with local laws and regulations, and facts surrounding the claims in the subject suit. Mr. Ekross will testify regarding his actions and omissions as it pertains to Plaintiffs' due process claim, including but not limited to September 3 and September 19 Notice and Orders for Removal, his history with Mr. Shriver/Riverside Storage, inspections and trespass on Plaintiffs' property.

3. Jacqueline Halburnt.  c/o Brenden Desmond or J. Andrew Nathan.  Nathan Dumm & Meyer PC. 7900 E. Union Avenue, Suite 600, Denver, CO  80237. 303-691-3737.  Ms. Halburnt will testify on compliance with local laws and regulations, and facts surrounding the claims in the subject suit. Ms. Halburnt will testify to her actions and omissions as it pertains to Plaintiffs' due process claim, including but not limited to September 3 and September 19 Notice and Orders for Removal, Federal Heights' targeting of Kimberly Hills, inspections and trespasses on Plaintiffs/ property.

4. Timothy Williams.  c/o Brenden Desmond or J. Andrew Nathan.  Nathan Dumm & Meyer PC. 7900 E. Union Avenue, Suite 600, Denver, CO  80237. 303-691-3737. Mr. Williams will testify regarding compliance with local laws and regulations, and facts surrounding the claims in the subject suit. Mr. Williams will testify to his actions and omissions as it pertains to Plaintiffs' due process claim, including but not limited to September 3 and September 19 Notice and Orders for Removal, Federal Heights targeting of Kimberly Hills, inspections and trespasses on Plaintiffs/ property.

5.  Steven Durian.  c/o Patrick A. Singer.  Krel & Johnson, PC, 130 Rampart Way, Suite 200, Denver, CO  80230.  303-336-2100.  Mr. Durian will testify regarding compliance with local laws and regulations, and facts surrounding the claims in the subject suit. Mr. Durian will testify to his actions and omissions as it pertains to Plaintiffs' due process claim, including but not limited to September 3 Notice and Order for Removal, Federal Heights' targeting of Kimberly Hills, inspections, removal of insignia, trespasses and the facts surrounding his resignation from the City of Federal Heights.

6.  Tanya Wiebold.   Kimberly Hills 2305 W. 92nd Ave, Federal Heights, Colorado. 720-324-6433.   Park Manager and representative of Kimberly Hills. Ms. Wiebold will testify regarding policies, procedures, industry standards and other information surrounding the mobile home park industry, including contracts between Riverside Storage and mobile home pros, lot rent, lot preparation, incentives to MIDs and information on Federal Heights' and the named Defendants' actions and omissions as it pertains to Kimberly Hills due process claim.

7.  John Hood.  c/o Aimee M. Bove, BKN Murray LLP, 6795 E. Tennessee Avenue, Suite 330, Denver, CO 80224.  303-758-5100.  Mr. Hood will testify regarding investing in the mobile home industry, Federal Heights' policies and procedures.   Including but not limited to Mobile Home pros' and Kimberly Hills' contracts, removal of insignias, damages, Notices of Removal and Defendants' actions and omissions as it pertains to his due process claim.

8.  Kevin Cox.  c/o Aimee M. Bove, BKN Murray LLP, 6795 E. Tennessee Avenue, Suite 330, Denver, CO 80224.  303-758-5100.  Mr. Cox will testify regarding investing in the mobile home industry, Federal Heights' policies and procedures.  Including but not limited to Mobile Home pros' and Kimberly Hills' contracts, removal of insignias, damages, Notices of Removal and Defendants' actions and omissions as it pertains to his due process claim.

9.  Jeff Wiebold. Front Range Mobile Community, 2885 W. 128 Ave Denver Colorado. 720-210-4681. Park Manager Front Range Mobile Community. Mr. Wiebold will testify regarding policies, procedures, industry standards and other information surrounding the mobile home industry.  Including but not limited to information regarding City of Evan's flood homes.  Mr. Wiebold will testify to the condition and selection of home to be removed from Evans to be remediated, City of Evan's homes placed in Thornton, and information on the alleged Tier 1 Designation.

10. Ken Essex.   928-266-3456/303-450-2255  10201 Riverside Rd., #200 Thornton, Colorado.  Mr. Essex will testify regarding policies, procedures, industry standards and other information surrounding the mobile home industry, including flood damage remediation, teardown and set -up of mobile homes and information surrounding the claims in the subject suit. Mr. Essex has personal knowledge of Riverside Storage and Recycling Center, including its storage lot, storage capability and surrounding areas.  Mr. Essex has information regarding Defendant Ekross while he was employed

with the City of Thornton and City of Federal Heights and his interactions with MIDs and plaintiff's in the subject lawsuit.  Mr. Essex has information regarding Eastwood Village and Bella Vista after the September 2013 flood. Mr. Essex viewed Mr. Shriver selecting homes that he intended to remediate and rebuild.  Mr. Essex was also an agent of Riverside Storage and Craig Shriver and applied for the set permits for units 387 and 516.  Mr. Essex had contact with Mr. Ekross when applying for the permits. Please see Mr. Essex's non-retained expert disclosure for further testimonial information.

(2)     Plaintiffs Witnesses who may be present at trial if the need arises (see Fed. R. Civ. P. 26(a)(3)(A)):

11. Jeff Bennett.   801-864-4715. Kingsley Corp and Account Manager for Kimberly Hills. 2305 W. 92nd Ave, Federal Heights, Colorado. Mr. Bennett will testify regarding policies, procedures, industry standards and other information surrounding the mobile home industry, including information compliance with local laws and regulations, contracts with Riverside Storage, Mobile Home Pros and Kimberly Hills and facts surrounding Plaintiffs' due process claims.  Also testify to interactions between himself and Federal Heights' employees.

12. Kristen Teague.  c/o Brenden Desmond or J. Andrew Nathan.  Nathan Dumm & Meyer PC. 7900 E. Union Avenue, Suite 600, Denver, CO  80237. 303-691-3737. Ms. Teague will testify regarding compliance with local laws and regulations, and facts surrounding the claims in the subject suit. Ms.

Teague will testify to her actions and omissions as it pertains to Plaintiffs'
due process claim, including but not limited to permitting, September 3 and
September 19 Notice and Orders for Removal, Federal Heights targeting of
Kimberly Hills, inspections and trespasses on Plaintiffs/ property.

13. Karen Jackson.   c/o Brenden Desmond or J. Andrew Nathan.   Nathan
Dumm & Meyer PC. 7900 E. Union Avenue, Suite 600, Denver, CO  80237.
303-691-3737.  Ms. Jackson will testify regarding compliance with local laws
and regulations, and facts surrounding the claims in the subject suit. Ms.
Jackson will testify to her actions and omissions as it pertains to Plaintiffs'
due process claim, including but not limited to permitting, September 3 and
September 19 Notice and Orders for Removal, Federal Heights' targeting of
Kimberly Hills, inspections and trespasses on Plaintiffs/ property.

14. Teresa Garramone.  c/o Brenden Desmond or J. Andrew Nathan.  Nathan
Dumm & Meyer PC. 7900 E. Union Avenue, Suite 600, Denver, CO  80237.
303-691-3737.  Ms. Garramone will testify regarding policies, procedures,
industry standards and other information surrounding the mobile home
industry, including compliance with local laws and regulations, and facts
surrounding the claims in the subject suit.

15. Denis Hielscher.   970-520-6700.   Contractor for Riverside Storage. Mr.
Hielscher will testify regarding policies, procedures, industry standards and
other information surrounding the mobile home industry, including flood
damage remediation, teardown and set -up of mobile homes and

information surrounding the claims in the subject suit. Mr. Hielscher will provide information on the alleged Tier 1 Designation.

16. Victor Supeeda.   970-373-8722.   Contractor for Riverside Storage. Mr. Supeeda will testify regarding policies, procedures, industry standards and other information surrounding setting City of Evans' mobile homes, including flood damage remediation, teardown and set -up of mobile homes and information surrounding Plaintiffs' due process claims.

17. Jay Ecker.   720-470-5353.   Elite Builders. Mover. Mr. Ecker will testify regarding policies, procedures, industry standards and other information surrounding the mobile home industry, including flood damage remediation, teardown and set -up of mobile homes and information surrounding the claims in the subject suit. Mr. Ecker has information regarding the removal and transport of the mobile homes at issue.

18. Keith Cowan.   303-913-2853.   Eastwood Village Mobile Home owner.   200 37th St. Evans, Colorado 80620. Mr. Cowan will testify regarding policies, procedures, industry standards and other information surrounding the mobile home industry standards and other information surrounding City of Evans' mobile homes, including flood damage remediation, removal of homes from Evans, alleged Tier 1 Debris designation and information surrounding Plaintiffs' due process claims.

19. Rick Hanger.   719-569-9164. State of Colorado official. . Mr. Hanger will testify regarding policies, procedures, industry standards and other information surrounding the mobile home industry, including information

compliance with local laws and regulations and facts surrounding the claims in the subject suit.

20. Mr. Coil.   State of Colorado Division of Housing.   303-866-2033. 1313 Sherman St, #518, Denver, Colorado 80203. Mr. Coil will testify regarding policies, procedures, industry standards and other information surrounding the mobile home industry, including compliance with local laws and regulations, and facts surrounding the claims in the subject suit.

21. Kyle Boyd.   Colorado Division of Motor Vehicles. 303-205-5600. 1881 Pierce St, Lakewood , Colorado 80214.   Mr. Boyd will testify regarding Department of Motor Vehicles policies, procedures, standards and other information surrounding City of Evans' flood affected mobile homes title registration and status, including compliance with DMV laws and regulations and information regarding DMC status of the subject homes.

22. Andrew Nimitz.  303-422-7011. 4890 Kipling Street Wheat Ridge, Colorado 80033. Attorney for Craig Shriver in the Municipal Action commenced by Federal Heights.   Mr. Nimitz will testify to his interaction with Federal Heights and its history of animosity with Mr. Shriver/Riverside Storage and facts surrounding Notices and Orders of Removal.

23. George Good.   970-520-0457. City of Sterling Official. 421 North Main Street Sterling, Colorado 80751.   Mr. Good will testify regarding policies, procedures, industry standards and other information surrounding the mobile home industry, including compliance with local laws and regulations, and facts surrounding Riverside Storage's remediation of flood homes.

16

24. Tim Pate.    303-438-6773.  Chief Building Official Broomfield.    One DesCombs Drive Broomfield, Colorado 80020.   Mr. Pate has information regarding policies, procedures, industry standards and other information surrounding the mobile home industry, including compliance with local laws and regulations, and facts surrounding Riverside Storage's remediation of flood homes.

25. Michael Wilson.  303-913-7308.   michael.wheelestate@gmail.com.   Mobile Home Pros, LLC. .  Mr. Wilson will testify regarding investing in the mobile home industry.  Contracts between himself, Mr. Hood, Mr. Cox and Kimberly Hills for homes in Federal Heights.   Federal Heights and its employee's actions policies, procedures, industry standards and other information surrounding Defendants' violations of due process.

26. Eric Murphy.  720-937-8834.   ericmurphy430@hotmail.com.   Eric Murphy Carpentry Services, Inc.   Rehabilitator of homes. . Mr. Murphy will testify regarding policies, procedures, industry standards and other information surrounding the remediation of mobile homes, including flood damage remediation, teardown and set -up of mobile homes and information surrounding the claims in the subject suit.

27. Yaneth "Janet" Mesta.  720-878-1341.   fym0323@gmail.com.  Ms. Mesta is a Sales Agent of mobile homes.  She will testify she sold and attempted to sell mobile homes owned by Mr. Hood and Mr. Cox.

28. Jose Alberta Mesta.  720-878-1368.  jmesta2011@gmail.com.  Mr. Mesta is a Sales Agent of mobile homes.  He will testify he sold and attempted to sell mobile homes owned by Mr. Hood and Mr. Cox.

29. Kell Straits.  kstraits@fedheights.org.  303-428-8538  Kell Straits will testify regarding emails about notices and citations given to Plaintiffs, and facts surrounding the claims in the subject suit.  Kell Straits also has information regarding the City of Federal Heights' intentional acts toward Plaintiffs.

30. Marci L. Rusin.  mrusin@fedheights.org.  303-428-8538 Ms. Rusin will testify regarding emails about notices and citations given to Plaintiffs, and facts surrounding the claims in the subject suit.  Ms. Rusin also has information regarding the City of Federal Heights' intentional acts toward Plaintiffs.

31. Les Acker, Retired Chief of Police Federal Heights 303-412-3557. Mr. Acker will testify regarding emails about notices and citations given to Plaintiffs, and facts surrounding the claims in the subject suit. Mr. Acker also has information regarding the City of Federal Heights' intentional acts toward Plaintiffs.

32. Billy Bear Jarrett. billybearjarret@gmail.com  One time resident of Kimberly Hills Park, Mr. Bear will testify regarding emails about notices and citations given to Plaintiffs, and facts surrounding the claims in the subject suit. Mr. Bear has information regarding the City of Federal Heights' intentional acts toward Plaintiffs.

33. Mayor Daniel Dick.  Federal Heights, CO.  720-785-3983. Mayor Dick has information regarding emails about notices and citations given to Plaintiffs, and facts surrounding the claims in the subject suit. Mr. Dick also has information regarding the City of Federal Heights' intentional acts toward Plaintiffs.

34. Kevin Keck.  970-388-2206.  Mr. Keck will testify regarding state procedures on flood homes and setting flood homes in Colorado municipalities.

35. Patti    Lowell,    Director    of    Administration    of    Federal    Heights plowell@fedheights.org 2380 W. 90th Ave. Federal Heights, Colorado 80260. Ms. Lowell will testify regarding emails about notices and citations given to Plaintiffs, and facts surrounding the claims in the subject suit. Ms. Lowell also has information regarding the City of Federal Heights' intentional acts toward Plaintiffs.

36. Donald J. Vallero Federal Heights Deputy Police Chief  303-428-8538 2380 W. 90th Avenue Federal Heights, Colorado 80260.  Mr. Vallero will testify regarding emails about notices and citations given to Plaintiffs, and facts surrounding the claims in the subject suit. Mr. Vallero also has information regarding the City of Federal Heights' intentional acts toward Plaintiffs.

37. Bryan Kottke Federal Heights Police Officer 303-428-8538 2380 W. 90th Avenue Federal Heights, Colorado 80260.  Mr. Kottke will testify regarding emails about notices and citations given to Plaintiffs, and facts surrounding the claims in the subject suit. Mr. Kottke also has information regarding the

City of Federal Heights' intentional acts toward Plaintiffs, including the May 16, 2015 Police Department Statement Form and case number 15-1006.

38. Lucas Ackers.  Affordable Homes of Denver, Inc.  2301 W 92nd Avenue, Federal Heights, CO  80260.  303-920-4663.  Mr. Ackers will testify regarding the location and occupancy of City of Evans' flood-affected homes. Specifically manufactured homes affected by the City of Evan's 2013 flood currently located in Friendly Village of the Rockies.

39. Kelley, Park Manager.  Friendly Village of the Rockies. 303-466-4328. 2100 W. 100th Avenue, Denver, CO  80260.  The park managers have information regarding the location and occupancy of City of Evans' flood-affected homes. Specifically two manufactured homes affected by the City of Evan's 2013 flood currently located in Friendly Village of the Rockies.

40. Sylvia, Park Manager.  Friendly Village of the Rockies. 303-466-4328. 2100 W. 100th Avenue, Denver, CO  80260.  Sylvia has information regarding the location and occupancy of City of Evans' flood-affected homes. Specifically two manufactured homes affected by the City of Evan's 2013 flood currently located in Friendly Village of the Rockies.

41. Robert "Mike" Townsend. Value Holding "Services," Inc. 6732 W. Coal Mine Ave., Mr. Townsend will testify regarding the location and occupancy of City of Evans' flood-affected homes.  Specifically manufactured homes affected by the City of Evan's 2013 flood currently located in Redwood Estates.

42. Linda Markley.  lmarkley@weldgov.com.  Weld County Treasurer's Office, 1400 N. 17th Avenue, PO Box 458, Greeley, CO  80632.  970-400-3290.

Ms. Markley will testify regarding the status of the City of Evans flood homes, City of Evans correspondence regarding same, and issuing moving permits.  She also has information on communications with Federal Heights regarding moving City of Evans' flood homes into their municipality.

(3)     Plaintiffs' witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony.  See Fed. R. Civ. P. 26(a)(3)(B).

43. N. Zack Ratkai.  City of Evans Community Development Manager.  970-475-1111.  Mr. Ratkai's deposition testimony will be provided at trial.  The pertinent portions of the deposition are identified and attached to this pre-trial order.

b.     List the expert witnesses to be called by each party.  List separately:

(1)     Plaintiffs' Witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A)):

1.     Retained Witness Steve Thomas.  President, Colorado Code Consulting LLC, 4610 S. Ulster Street Suite 150, Denver, CO 80237.  Mr. Thomas will testify as to his expert reports.

2.     Retained Witness Roderick Knoll.  Manufactured Housing Resources Group, 1031 Harper Street, Louisville, CO  80027. .  Mr. Knoll will testify as to his expert reports.

3.     Retained Rebuttal Witness Andy Dunnell, Banyan Environmental (P) 970-222-6849 (F) (866)539-5783. .  Mr. Dunnell will testify as to his

rebuttal expert report.

4.     Non Retained Expert Witness Craig Shriver c/o Aimee M. Bove, BKN
Murray LLP, 6795 E. Tennessee Avenue, Suite 330, Denver, CO
80224.  303-758-5100.  .  Mr. Shriver will testify as to his non-retain
expert designation.

5.     Non Retained Rebuttal Witness Ken Essex, Tip Top Homes 10201
Riverdale Rd. #200 Thornton, Colorado 80229 303-450-2255.  Mr.
Essex will testify as to his non-retain expert designation.

6.     Defendants' Nonexpert Witnesses:

a.  Will Call:

i.  Timothy Williams*.   Mr. Williams will be called to testify
regarding the facts surrounding this case consistent with his
deposition.

b.  May Call

i.  Jacqueline Halburnt*, City Manager.   Ms. Halburnt may be
called to testify as to the facts surrounding this case
consistent with her deposition.

ii.  Ken Ekross*.   Mr. Ekross may be called to testify regarding
the facts surrounding this case consistent with his deposition.

iii. Steve Durian*.   Mr. Durian may be called to testify regarding
the facts surrounding this case consistent with his deposition.

iv. N. Zach Ratkai.   Mr. Ratkai may be called to testify regarding
the facts surrounding the case consistent with his deposition.

If unavailable, Defendants may use testimony from Mr. Ratkai's deposition.

v. Keith Cowan.  Mr. Cowan may be called to testify regarding the facts surrounding this case consistent with his deposition. If unavailable, Defendants may use testimony from Mr. Cowan's deposition.

vi. Michael Wilson.  Mr. Wilson may be called to testify regarding the facts surrounding this case consistent with his deposition. If unavailable, Defendants may use testimony from Mr. Wilson's deposition.

vii. Jeff Wiebold.  Mr. Wiebold may be called to testify regarding the facts surrounding this case consistent with his deposition.  If unavailable, Defendants may use testimony from Mr. Wiebold's deposition.

viii. Tonya Wiebold.  Ms. Wiebold may be called to testify regarding the facts surrounding this case consistent with her deposition.

ix. Andrew Nimtz.  Mr. Nimtz may be called to testify regarding the facts surrounding this case consistent with his deposition. If unavailable, Defendants may use testimony from Mr. Nimtz's deposition.

x. Scott Krob.  Mr. Krob may be called to testify regarding the facts surrounding this case and his interactions with Craig

Shriver and Mr. Nimtz.

    xi. Kevin Cox.  Mr. Cox may be called to testify regarding the facts surrounding this case consistent with his deposition.

    xii.  Michael Hood.  Mr. Hood may be called to testify regarding the facts surrounding this case consistent with his deposition.

    xiii. Craig Shriver*.  Mr. Shriver may be called to testify regarding the facts surrounding this case consistent with his deposition.

    xiv. ~~Any witness properly disclosed by the Parties.~~

    xv. ~~Any witness necessary for rebuttal or impeachment.~~

    xvi. ~~Any witness necessary for authentication or foundation.~~

(*) Indicates witnesses listed on both Defendants' May Call List and Plaintiffs' Will Call List

    7.    Defendants' Expert Witnesses:

    a.  Will Call

        i.  Gil Rossmiller.  Mr. Rossmiller may be called to testify in the field of building codes and enforcement consistent with his expert report.  Mr. Rossmiller is a retained expert.

    b.  May Call

        i.  Chris Tremaine.  Mr. Tremaine may be called to testify in the field of manufactured home costs and damages consistent with his expert report.  Mr. Tremaine is a retained expert.

        ii. Kelly Spence.  Mr. Spence may be called to testify in the field

in the field of manufactured home costs and damages consistent with his expert report.  Mr. Spence is a retained expert.

iii. Stephen Podrasky.   Mr. Podrasky may be called to testify regarding the following as a non-retained expert:

1. His background, education, and experience working in the restoration and construction fields.

2. His personal observations and the results of his investigations at Eastwood Village Mobile Home Park and Bella Vista Mobile Home Park during the Fall of 2013.

3. The estimates he created for proper restoration services at Eastwood Village Mobile Home Park and Bella Vista Mobile Home Park.

4. His communications with Mr. Feehan, the owner of Bella Vista Mobile Home Park, Mr. Cowan, the owner of Eastwood Village Mobile Home Park, Mr. Ratkai, and others related to the proposed restoration projects.

5. His opinions about the requirements for demolition and removal of the debris at Eastwood Village Mobile Home Park and Bella Vista Mobile Home Park, including the mobile homes themselves.  He will testify about industry standards and the State of Colorado's

guidance and requirements for handling flood-damaged debris, including debris affected by the Category 3 conditions, and related guidelines and regulations related to his field.

6. His opinions about the conduct of Mr. Shriver and those who assisted him as it relates to the proper handling of a Category 3 site, including opinions about transporting mobile homes off the site and attempting to set them for occupancy elsewhere.

iv. Tim Williams.  Mr. Williams may be called to testify regarding the following as a non-retained expert:

1. His background, education, and experience working in building and planning departments, as detailed in Federal Heights' Fed. R. Civ. P. 30(b)(6) deposition.

2. Mr. Williams may be asked to rebut the testimony of other witnesses, including those disclosed by Plaintiffs.

3. Mr. Williams may be asked to testify regarding the responses to written discovery served by any party to this civil action.

4. Mr. Williams is expected to affirm the opinions of Defendants' retained experts and Mr. Podrasky and to rebut Plaintiffs' retained and non-retained experts and to provide supporting factual and technical information

based on his education, training, and experience.

5.  Mr. Williams will testify and provide opinions as per his deposition testimony.

v. Ken Ekross.  Mr. Ekross may be called to testify regarding the following as a non-retained expert:

1.  His background, education, and experience working in building and planning departments, as detailed in his deposition.

2.  Mr. Ekross may be asked to rebut the testimony of other witnesses, including those disclosed by Plaintiffs.

3.  Mr. Ekross may be asked to testify regarding the responses to written discovery served by any party to this civil action.

4.  Mr. Ekross is expected to affirm the opinions of Defendants' retained experts and Mr. Podrasky and to rebut Plaintiffs' retained and non-retained experts and to provide supporting factual and technical information based on his education, training, and experience.

5.  Mr. Ekross will testify and provide opinions as per his deposition testimony.

vi. Steven Durian.  Mr. Durian may be called to testify regarding the following as a non-retained expert:

1.  His background, education, and experience working in

building and planning departments, as described in his deposition.

2. Mr. Durian may be asked to rebut the testimony of other witnesses, including those disclosed by Plaintiffs.

3. Mr. Durian may be asked to testify regarding the responses to written discovery served by any party to this civil action.

4. Mr. Durian may be asked to testify regarding any matter regarding which he has personal knowledge, including his observations of the mobile homes at issue in this case, his interactions with related individuals and entities, and the related circumstances as they may be developed at trial.

5. Mr. Durian is expected to affirm the opinions of Defendants' retained experts and Mr. Podrasky and to rebut Plaintiffs' retained and non-retained experts and to provide supporting factual and technical information based on his education, training, and experience.

6. Mr. Durian will testify and provide opinions as per his deposition testimony.

c. Expert Testimony Presented by Deposition

i. N. Zach Ratkai. Defendants' may use portions of Mr. Ratkai's deposition taken on August 30, 2016 regarding the following:

1. His background, education, and experience working in building and planning departments, as detailed in his deposition.

2. Mr. Ratkai, based on his training and experience, may opine as per his deposition testimony.

3. Mr. Ratkai is expected to testify as to his opinions and expectations related to the flood-damaged mobile homes in Eastwood Village and Bella Vista Mobile Home Parks, including their designation as Tier 1 Debris and otherwise and the proper handling of the mobile homes and related materials.

.

(2)     witnesses who may be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

and

(3)     witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony.  See Fed. R. Civ. P. 26(a)(3)(B).

## 7. EXHIBITS

(1)     Plaintiff(s):

See attached chart.

(2)     Defendant(s):

See attached chart.

(3)    Other parties:

The parties are working diligently to agree on stipulated exhibits.

b.    Copies of listed exhibits must be provided to opposing counsel and any *pro se*

party no later than 30 days before trial.  The objections contemplated by Fed. R. Civ.

P.

26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no

later than 14 days after the exhibits are provided.

## 8.  DISCOVERY

Discovery has been completed.

## 9.  SPECIAL ISSUES

None.

## 10.  SETTLEMENT

a.    Counsel for the parties and any *pro se* party met *in person* on August 9*,* 2016,

to discuss in good faith the settlement of the case.

b.    The participants in the settlement conference, included counsel,

party representatives, and any *pro se* party.

> Brenden Desmond on behalf of Federal Heights.
> Patrick Singer on behalf of Steve Durian; and
> Aimee Bove and Stuart Borne on behalf of Plaintiffs.

c.    The parties were promptly informed of all offers of settlement (none).

d.    Counsel for the parties and any *pro se* party do intend to hold future

settlement conferences if Plaintiffs survive Summary Judgment.

e.    It appears from the discussion by all counsel and any *pro se* party that there is:

(a good possibility of settlement.)

<u>(some possibility of settlement</u>.)

(little possibility of settlement.)

(no possibility of settlement.)

f.      Counsel for the parties and any *pro se* party considered ADR in accordance with D.C.COLO.LCivR.16.6.

## 11.  OFFER OF JUDGMENT

Counsel and any *pro se* party acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure.   Counsel have discussed it with the clients against whom claims are made in this case.

## 12.  EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice.  The pleadings will be deemed merged herein.  This Final Pretrial Order supersedes the Scheduling Order.  In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13.  TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

1.      Jury Trial

2.      Plaintiff proposes a two week trial.  Defendants need approximately two days to present their claims and defenses

DATED this  16th  day of December, 2016.

BY THE COURT

s/ Nina Y. Wang

_____
United States Magistrate Judge

APPROVED:

By:  /s/ Aimee M. Bove_____
Aimee M. Bove, #36915
BKN Murray LLP
6795 E. Tennessee Ave, Ste. 330
Denver, Colorado 80224
Phone: (303) 758-5100
Fax: (303) 758-5055
Email: above@bknmurray.com
*ATTORNEY FOR PLAINTIFFS
RIVERSIDE STORAGE AND
RECYCLING CENTER, CRAIG
SHRIVER,KEVIN COX, JOHN HOOD,
AND KIMBERLY HILLS MOBILE
HOME PARK*

/s/ Patrick A. Singer_____
Patrick A. Singer, Esq.
Kresl & Johnson PC
130 Rampart Way, Suite 200
Denver, CO  80230
psinger@kresljohnson.com
*ATTORNEY    FOR    DEFENDANT
STEVEN DURIAN*

/s/ Brenden
Desmond_____
J. Andrew Nathan
Brenden Desmond
Nathan Dumm & Mayer P.C.

32

7900 E. Union Avenue, Suite 600
Denver, CO 80237-2776
anathan@ndm-law.com
*ATTORNEY FOR DEFENDANTS
CITY OF FEDERAL HEIGHTS,
KENEKROSS AND JACQUELINE
HALBURNT*

*[Please affix counsels' and any pro se party's signatures before submission of the final pretrial order to the court.]*