**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-02325-CMA-NYW

RIVERSIDE STORAGE AND RECYCLING CENTER, a Colorado
Limited Liability Corporation, and
CRAIG SHRIVER, individually; and
KEVIN COX, individually; and
JOHN HOOD, individually; and
KIMBERLY HILLS, a Limited Liability Company

      Plaintiffs,

v.

CITY OF FEDERAL HEIGHTS, a Colorado Municipal Corporation;
KEN EKROSS, in his individual capacity;
JACQUELINE HALBURNT, in her individual capacity;
STEVEN DURIAN, in his individual capacity,

      Defendants.

---

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY AND OPINIONS OF CHRIS TREMAINE AND KELLY SPENCE, PURSUANT TO FED. R. EVID. 702**

---

Plaintiffs, by and through counsel Aimee M. Bove, hereby submit the following

reply in support of their motion to exclude the entire testimony and opinions of

Defendants' experts Chris Tremaine and Kelly Spence ("Motion"), pursuant to Fed. R.

Evid. 702, and in support thereof state as follows:

**ARGUMENT**

***A. Summary Of Reasons To Exclude Testimony of Mr. Tremaine and Mr.
Spence***

1

The testimony and opinions of Defendants' damages experts, Mr. Tremaine and Mr. Spence, are insufficiently reliable and relevant to the point that they should not be presented to a jury.  Their expert report ("TEI Report") is replete with unsupported speculation about the extent of contamination in and damage to Mr. Shriver's mobile homes.  This speculation—which by Defendants' admission is founded only upon review of select, unauthenticated photographs and a mold investigation report performed on homes that are not the homes in question[1]—forms the basis of Mr. Tremaine and Mr. Spence's opinion that the homes required nearly complete reconstruction, and that in turn forms the basis for their cost of repair estimate.  *See* Resp. (Docket No. 118) at 8.  This is exactly the type of *ipse dixit* pronouncement that pushes expert testimony over the line of inadmissibility.  Mot. (Docket No. 117) at 11 (citing *Champagne M s v. Ken-Mac M s, Inc.,* 02-0528 (W.D. Okla., Dec. 12, 2008)).

Mr. Tremaine and Mr. Spence's income analysis is similarly based on undisclosed and unverifiable mobile home rental market data and methodology.  *See id.* at 11-13.  In addition, Mr. Tremaine and Mr. Spence are unqualified to make a number of assumptions upon which their conclusions are based, including the proper remediation protocol based on governing law, the existence and extent of mold contamination in the homes, and various mobile home rental market factors.  *See id.* at 5-7.  Finally—and contrary to Defendants' statements that the TEI Report starts its

---

[1] This report, a copy of which was in the possession of Plaintiffs and provided to Defendants through discovery, was conducted on homes that had not yet been fully remediated.  These homes were affected by the City of Evans flood and had undergone initial demolition to remove obvious flood damage and render the homes safe for transport.  Had Mr. Shriver owned the homes, they would then have been fully remediated to account for any microbial growth.  Resp. Ex. 9 (Docket No. 118-9).

2

analysis by using data provided by Mr. Shriver, *see* Resp. at 6-7—Mr. Tremaine and Mr.

Spence completely disregard the reality of Mr. Shriver's planned approach, which is

critical to an accurate lost profits damages analysis.  *See* Mot. at 13-15.  At no point did

the City of Federal Heights or any other applicable entity ever question Mr. Shriver's

remediation approach.  *See id.* at 13.  In fact, Mr. Shriver has successfully remediated

and installed several of the mobile homes in question outside the City of Federal

Heights.  *See* Pls.' Resp. Defs.' Mot. Br. Summ. J. (Docket No. 96) at 18 ¶ 77.

While ordinary expert testimony may be refuted during cross examination, *see*

Resp. at 3 (cases cited), that does not mean that all expert testimony should be allowed

in and presented to a jury.  In this case, Mr. Tremaine and Mr. Spence's testimony as

disclosed in the TEI Report is insufficiently reliable and relevant to assist the jury in

calculating Plaintiffs' actual damages.

### B. Defendants' Arguments Regarding Their Experts' Qualifications Are Without Merit.

Plaintiffs do not presently dispute that Mr. Tremaine and Mr. Spence are qualified

to use Xactimate software or even to assess the extent of damage to a home upon

proper review of applicable evidence.  *See* Mot. at 6 n. 3.  Plaintiffs do dispute,

however, that Mr. Tremaine and Mr. Spence are qualified to make a legal determination

concerning the proper remediation technique; to visually assess mold contamination;

and to render opinions concerning the local mobile home rental market.  *See id.* at 5-7.

Defendants in response raise a number of arguments to support their experts'

ability to interpret laws and regulations.  *See* Resp. at 4-5.  Defendants primarily rely on

Plaintiffs' experts' methodology as a defense to their own expert.  However, Defendants

have not submitted any motion to disqualify Plaintiffs' expert, nor does the comparison apply, as Defendants' and Plaintiffs' experts base their opinions on completely different sets of qualifications, data, and methodology. *See* Qualifications of Roderick P. Knoll, attached as Ex. A; Qualifications of Tremaine and Spence, attached as Ex. B. To the extent that Defendants' experts are individually qualified to interpret laws and regulations, Defendants have not disclosed those qualifications. *See* Resp. at 4-5.

Next, regarding mold, Defendants still have not produced any evidence other than their own opinion that Mr. Tremaine and Mr. Spence are qualified to assess the extent of mold contamination and structural damage to a home, particularly through a purely visual review of photographs. *See* Resp. at 5. Assuming that any person could be so qualified, Mr. Tremaine and Mr. Spence lack the training in science or engineering to enable them to make such a determination. *See* Ex. B.

Finally, Plaintiffs' argument concerning the rental market is specifically based on the unique attributes of the mobile home industry. *See* Mot. at 6-7. Again, Defendants have failed to produce any evidence that Mr. Tremaine or Mr. Spence are qualified to assess factors such as vacancy or turnover rates specifically in the mobile home context, which is distinct from a general knowledge of real estate or housing markets that Defendants' experts may have as adjusters. *See* Resp. at 5-6.

In sum, Defendants have not met their burden to show that Mr. Tremaine or Mr. Spence are qualified to render their opinions or the assumptions on which their opinions are based. *See United States v. Crabbe*, 556 F.Supp. 1217, 1220 (D. Colo. 2008) (The

proponent of the expert testimony bears the burden of proving the requirements of Rule 702 by a preponderance of the evidence.).

### C. Defendants' Arguments Regarding Their Experts' Data Are Without Merit.

Next, the data and information upon which Mr. Tremaine and Mr. Spence render their opinions is not reliable.  Defendants state that the TEI Report is based on Plaintiffs' own evidence, but that argument disguises the fact that Mr. Tremaine and Mr. Spence's main sources are (1) Wikipedia; (2) news clippings; (3) various excerpts of laws, policy, and letters, (4) unauthenticated photographs; (5) a pre-remediation mold investigation report for two homes that are not Mr. Shriver's homes; and (6) an unrecorded conversation with an undisclosed mobile home park owner.  *See* Mot. at 9-10.

Defendants respond that their experts began their review by looking at the damages information Mr. Shriver and Plaintiff's expert Mr. Knoll provided.  *See* Resp. at 6-8.  However, again, at issue is not Plaintiffs' data or what Plaintiffs' expert bases his opinion on, but rather the data upon which Mr. Tremaine and Mr. Spence rely to refute Plaintiffs' expert's opinions.  *See* Mot. at 8 (citing *Squires ex rel. Squires v. Goodwin*, 829 F.Supp.2d 1041, 1047-48 (D. Colo. 2011)).  In short, Mr. Tremaine and Mr. Spence's data is insufficient to create a reliable calculation of Plaintiffs' actual damages, because it does not account for the actual remediation conducted or required for the homes in question—Defendants' experts did not review any information about the specific homes in question apart from select photographs—or for the actual factors affecting the applicable mobile home rental market.  *See* Mot. at 8-9.

Finally, contrary to Defendants' statements, *see* Resp. at 7, Plaintiffs do not exaggerate Mr. Tremaine and Mr. Spence's statements that they lacked first-hand information about the homes in question and market data for the mobile home industry.[2] Defendants did not conduct any expert discovery; Mr. Tremaine and Mr. Spence never inspected Mr. Shriver's homes (or any City of Evans flood homes) nor was there ever any testing done on those homes.  *See* Mot. at 8 (citing TEI report).  It is only necessary to skim the 114 page TEI Report to discover that Mr. Tremaine and Mr. Spence do not have actual data regarding the contamination levels in the home, structural damage to the homes from the floods, or mobile home market factors.  Instead, Mr. Tremaine and Mr. Spence draw on tangentially related information and the testimony of an undisclosed witness to form their opinions regarding Mr. Shriver's homes.

For the above reasons, the testimony does not meet the requirements of Fed. R. Evid. 702 that the experts base their report on reliable data.[3]

### D. Defendants' Arguments Regarding Their Experts' Methodology Are Without Merit.

Defendants admit that Mr. Tremaine and Mr. Spence's opinions are based on their own experience.  *See* Resp. at 8-9.  Yet they continue to ignore the requirement that Mr. Tremaine and Mr. Spence "must explain how that experience leads to the

---

[2] Defendants are correct that Plaintiffs' Motion contains a typographical error on page 8, resulting in a sentence being included in the block quotation that is not part of that quotation.  The quotation should end with the word "review."

[3] Fed. R. Evid. 702 contains an additional requirement that the expert reliably apply their selected methodology to the data.  *Squires ex rel. Squires v. Goodwin*, 829 F.Supp.2d 1041, 1047-48 (D. Colo. 2011) (internal citations and quotation marks omitted). As Mr. Tremaine and Mr. Spence have neither used reliable data nor reliable methodology, this third requirement clearly has not been met.

conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *See* Mot. at 12 (citing *United States v. Nacchio*, 555 F.3d 1234, 1258 (10th Cir. 2009)).   Defendants cannot substitute their own opinion for information missing from the TEI Expert, nor can they substitute statements by Plaintiffs' witnesses to support the validity of their experts' unsupported opinion when their experts did not rely on those statements. *See* Resp. at 9.

Contrary to Defendants' statement, *see id.* at 8, Plaintiffs did provide an indication of what method Mr. Tremaine and Mr. Spence could have used:  They could have based their cost calculation using Xactimate software on the actual remediation conducted or planned by Mr. Shriver; or they could have critiqued Mr. Shriver's method using supported information.  *See* Mot. at 7 ("If Defendants had established the level of contamination present in the homes, the applicable legal standards Shriver was bound to follow to complete his remediation, or baseline information regarding the mobile home market, then Mr. Tremaine or Mr. Spence may have used their expertise in Xactimate software to calculate the cost associated with following those standards.").  Instead, Mr. Tremaine and Mr. Spence completely disregarded Mr. Shriver's approach and invented their own, founded upon their assumptions.  In doing so, they failed to use any reliable methodology apart from their own *ipse dixit* pronouncement to conclude, among other things, that the homes in question required nearly complete remediation.  *See* Mot. at 11-12.  Defendants' arguments are not to the contrary.

### E. Defendants' Arguments Regarding The Relevance Of Their Experts' Testimony Are Without Merit.

Finally, even if Mr. Tremaine and Mr. Spence were qualified to render their opinions (which they are not) and the data and method on which they relied were reliable (which they are not) the TEI Report still fails the test under Fed. R. Evid. 702 because it does not provide any relevant information. Plaintiffs are claiming lost profits damages. *See* Mot. Exs. A, B. Therefore, the relevant issues for the jury are (1) how much money Mr. Shriver and the other Plaintiffs would have spent to remediate, set, etc. the homes and (2) how much would Mr. Shriver and the other Plaintiffs have gained by having the homes installed in Federal Heights. *See id.* The TEI Report does not address these questions, and instead Mr. Tremaine and Mr. Spence base their opinions on projected costs and income on assumptions that do not have a basis in reality.

Defendants' claim that Plaintiffs' did not disclose Mr. Shriver's approach until after the TEI Report misrepresents the sequence of events and is disingenuous. Plaintiff's disclosed Mr. Shriver as a non-retained expert, stating that "Mr. Shriver will testify as to the process when repairing a structure marked Red Tag/Unsafe to Occupy and Enter. Mr. Shiver's testimony will include the costs associated therein: (See Exhibit A attached hereto, "Breakdown of Repair and Set-Up Costs")." *See* Pls. Rule 26(a)(2) Expert Discls. attached as Ex. C. Defendants also deposed Mr. Shriver twice before the TEI Report was due. Resp. Ex. 13 (Docket No. 118-13). Moreover, as discussed above and in Plaintiffs' original Motion, Defendants could have obtained the documentation upon which Plaintiffs' expert relied, but did not. *See* Mot. at 8.

Also contrary to what Defendants claim, *see* Resp. at 10, the evidence is clear that multiple homes involved in the City of Evans flood have been accepted by the State

as safe for habitation and are installed in Thornton, CO.  Pls.' Resp. Defs.' Mot. Br.

Summ. J. (Docket No. 96) at 18 ¶ 77.  As Defendants are aware, following the initial

flood cuts and delivery to the mobile home park, Mr. Shriver's planned approach

involved additional stages of repair and remediation as necessary to render the homes

safe and habitable.  Resp. Ex. 13 ("And at that point this test would be turned over to

the building official, and then a plan of attack would be exercised. We would go in and

you would tear your subfloor out and your bottom plate out. Go back in with brand-new

materials.")  Indeed after full and complete remediation City of Evan's flood-affected

homes passed inspection and are currently occupied in the City of Thornton.

Defendants do not meet their burden to show that Mr. Tremaine and Mr.

Spence's testimony as contained in the TEI Report is relevant to the issue of Plaintiff's

actual damages.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court exclude

the testimony and opinions of Defendants' experts Chris Tremaine and Kelly Spence.

Respectfully submitted this 7th day of March, 2017.

By:  */s/ Aimee M. Bove*
Aimee M. Bove, #36915
DLG Law Group LLC
4100 East Mississippi Avenue
Suite 420
Denver, CO 80246
303-758-5100
Fax: 303-758-5055
Email: above@dlglaw.net
*ATTORNEY FOR PLAINTIFFS*
*RIVERSIDE STORAGE AND*
*RECYCLING CENTER, CRAIG*

*SHRIVER, KEVIN COX, JOHN HOOD,
AND KIMBERLY HILLS*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 7th day of March, 2017, a true and correct copy of the foregoing **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY AND OPINIONS OF CHRIS TREMAINE, AND KELLY SPENCE, PURSUANT TO FED. R. EVID. 702** was filed and served by via ECF/PACER on all parties of record, as follows:

Patrick A. Singer, Esq.
Kresl & Johnson PC
130 Rampart Way, Suite 200
Denver, CO  80230
psinger@kresljohnson.com

J. Andrew Nathan
NATHAN DUMM & MAYER P.C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237-2776
anathan@ndm-law.com

*/s/ Ilene Dell'Acqua*
DLG Law Group LLC