Civil Action No. 1:15-cv-02325-CMA-NYW

**RIVERSIDE STORAGE AND RECYCLING CENTER**, a Colorado Limited Liability
Corporation; and
**CRAIG SHRIVER,** individually; and
**KEVIN COX**, individually; and
**JOHN HOOD**, individually; and
**KIMBERLY HILLS**, a Foreign Liability Company,

  Plaintiff,

v.

**CITY OF FEDERAL HEIGHTS**, a Colorado Municipal Corporation;

  Defendant.

---

# FINAL PRETRIAL ORDER

---

## 1. DATE AND APPEARANCES

  Pre-Trial Conference is June 22, 2017 at 2:00 pm in Courtroom C204.

 a. Plaintiffs Riverside Storage and Recycling Center, and Craig Shriver:

   Aimee M. Bove
   Bove Law Offices, P.C.
   1325 S. Colorado Blvd., #503
   Denver, CO 80222
   above@bovelaw.onmicrosoft.com

 b. Defendant City of Federal Heights:

   J. Andrew Nathan
   Brenden Desmond
   *Nathan Dumm & Mayer P.C.*
   7900 E. Union Avenue, Suite 600
   Denver, CO 80237
   Phone: (303) 691-3737

## 2. JURISDICTION

This action arises out of Plaintiffs' claims of deprivation of civil rights under 42 U.S.C. § 1983. Plaintiffs' Fourth Amended Complaint contains a claim for relief under the U.S. Constitution.

This case was removed from Adams County District Court, State of Colorado, pursuant to 28 U.S.C. § 1441(a). Plaintiffs' claims also constitute a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1331.

## 3. CLAIMS AND DEFENSES

**Plaintiffs:** Plaintiffs brought this claim under 42 U.S.C. §1983 against Defendant Federal Heights for procedural and substantive due process violations. Without notice or opportunity to correct alleged violations, Federal Heights issued two Notices and Orders for Removal requiring all mobile homes affected by the 2013 flood in the City of Evans be removed and forever excluded from its jurisdiction. Federal Heights' September 3, 2014 Notice declared the homes a nuisance. The September 19, 2014 Notice revoked permits for Plaintiffs' alleged failure to disclose unknown facts. Federal Heights' employee, Mr. Durian also removed occupancy insignias from Plaintiffs' mobile homes without inspection or notice. Plaintiffs' ability to provide safe affordable housing in Federal Heights were destroyed by the improper revocation of the permits and removal of insignias and ordering the removal of homes without due process of the law. These improper notices and actions revoked the issued permits, terminated application of permits and forbid the issuance of permits for Plaintiffs' homes affected by the 2013 flood waters in the City of Evans. Cancelation/denial of the permits made performance of Plaintiffs' contracts impossible, in that they could not place the homes for occupation within Federal Heights.

Plaintiff Shriver entered into an agreement with Kimberly Hills MHC, LLC, a mobile home park located at 2305 W. 92nd Ave, Federal Heights, Colorado 80260, to bring 50 flood-remediated manufactured homes from Evans into the city of Federal Heights. Plaintiffs Cox and Hood contracted and invested money with Mobile Home Pros to place 9 City of Evans flood affected homes also at Kimberly Hills. On or about September 3, 2014, the Defendants posted a Notice of Order and Removal at Kimberly Hills for any and all manufactured homes brought from "specifically Pacific Parkway Mobile Home Courts, Bella Vista Mobile Home Park and Eastwood Village Park located in Evans Colorado." The September 3, 2014 Notice provided neither supporting documents nor proper notice to Plaintiffs on how to appeal the Notice. On September 19, 2014, without a hearing or any governmental proceedings, Defendants mailed Mr. Shriver a notice to remove all flood-affected homes located in Kimberly Hills due to alleged failure to disclose the flood affected homes were Tier 1 debris. Neither Federal Heights nor Plaintiffs knew the City of Evans had written a letter calling the homes Tier 1 Debris when the application was made and/or processed. Neither the September 3 or September 19 notices provided any appeal information.

Plaintiffs disclosed to the City of Federal Heights that the subject manufactured homes were affected by flood waters. There were no procedures implemented to protect Plaintiffs' interest when the Notices were issued or insignias removed. Federal Heights decided not to inspect each home, did not examine supporting documentation regarding the City of Evans Tier 1 designation and gave Plaintiffs no notice or opportunity to correct the alleged infractions. Federal Heights has procedures supported by the Colorado Division of Housing to ensure that mobile homes brought into the City are safe for occupancy. Federal Heights abandoned these procedures when 9News began asking questions about flood affected mobile homes within Federal Heights.

Defendants served Plaintiff Shriver with a Summons alleging non-compliance with the September 19, 2014 Notice. In Federal Heights Municipal Court, Plaintiff Shriver defended himself against the improper legal remedy sought by the Defendants under the September 19, 2014 Notice. On August 10, 2015, the Municipal Court ruled the September 19, 2014 Notice invalid for failure to provide documentation cited within the Order.

Plaintiffs assert a substantive due process interest in their right from arbitrary and capricious restrictions imposed by the application of municipal laws. Federal Heights had a process for flood affected manufactured homes in the City. But after 9News knocked on the door with its investigative reporter, Federal Heights intentionally disregarded procedures provided by the State of Colorado and its own codes. Federal Heights' Community Services Director, Mr. Durian, intentionally removed state occupancy insignias, with complete disregard for the inspection and notice requirements with the intent to make the homes uninhabitable.

It wasn't an emergency that empowered Federal Heights to abandon its own procedures and issue the Notices and Orders of Removal. In this case, there was no urgency; the historic 2013 flood waters had receded, the flood affected homes were cleaned and they sat vacant in the City of Federal Heights. The arbitrary issuance of those Notices was part of the pattern and practice of Federal Heights intentionally targeting Plaintiffs to cause harm.

Federal Heights, through the actions of its employees, intended to deprive Plaintiffs of their due process rights. There was no emergency. The public was not in harm's way. The State of Colorado and Federal Heights have procedures to set safe homes and remove dangerous nuisances. Federal Heights acted with deliberate indifference to its own established procedure, violating their substantive due process rights. Federal Heights' arbitrary actions and inactions in issuing the Notices of Removal and removing the insignias, knowing that these actions would destroy Plaintiffs' property interest, shocks the conscience.

Plaintiffs' damages are fully outlined in expert Roderick Knoll's expert and rebuttal expert reports.

a.    **Defendant:**

In their only claim for relief, Plaintiffs assert that Federal Heights violated their due process rights in violation of the United States Constitution for issuing Notices and Orders for Removal after Plaintiffs put Federal Heights' resident's health and safety in danger when they attempted set up illegal, uninhabitable, and/or toxic manufactured homes in violation of local, state, and federal law and regulations.  However, Plaintiffs present no evidence to prove the existence of a recognized liberty or property interest.  Furthermore, even if Plaintiffs can prove the existence of a recognized liberty or property interest, Plaintiffs cannot prove that they failed to receive the process that would be due to them.  Rather, Plaintiffs chose not use the constitutionally sufficient procedures available.

Similarly, Plaintiffs fail to present an adequate claim for a substantive due process violation.  First, Federal Heights' actions were not arbitrary and capricious.  Rather, Federal Heights has a rational reason for their decision to issue the Notices and Orders for Removal: the protection of the health and safety of its residents.  Second, Plaintiffs' claims do not shock the conscience of a federal judge, but rather attempts to duplicate tort concepts and supplant state law.  Therefore, Plaintiffs' substantive due process claims fail as a matter of law.

In addition to these defenses, Federal Heights also asserts the following affirmative defenses:

1.  Plaintiffs fail to state a claim upon which relief can be granted

2. Plaintiffs' alleged damages, if any, were cause by the reason of Plaintiffs' own acts and conduct, and specifically Plaintiffs' refusal to comply with state and federal regulations regarding flood-damaged mobile homes.

3. Plaintiffs' claims may be barred because even if they had received the due process allegedly owed to them, there would have been no change in the result.

4. Plaintiffs may have failed to reasonably mitigate their alleged damages.

5. Plaintiffs' alleged damages may have been caused in whole or in part by non-parties over whom Federal Heights had neither control nor a right of control.

6. Plaintiffs' claims may be barred on the grounds of ripeness for failure to seek administrative remedies, including administrative appeals available to Plaintiffs.

7. Plaintiffs' claims may be barred by doctrines of waiver and estoppel.

8. Plaintiffs may not have standing to assert their claims.

9. Plaintiffs' claims may be barred by doctrine of ripeness.

## 4. STIPULATIONS

The following facts are undisputed:

a. The Court has jurisdiction over this matter after it was properly removed from Adams County District Court, State of Colorado, pursuant to 28 U.S.C. § 1441(a).

b. The Court also has original jurisdiction over this matter under 28 U.S.C. § 1331.

c. The Court has personal jurisdiction over the Defendant.

d. Venue is proper in this Court.

e. The City of Federal Heights is a municipality located in the County of Adams, State of Colorado.

f. On September 3, 2014, the City of Federal Heights posted a "Notice and Order of Removal" at Kimberly Hills Mobile Home Park for flood-damaged mobile homes

moved into the Park from the City of Evans.

g. Mr. Shriver failed to remove one home (VIN # CLW017405TX) and was cited for a code violation.

h. Mr. Shriver appeared in municipal court for this violation and was represented by counsel.

i. No Plaintiff appealed or otherwise challenged the Notice and Order for Removal to the Federal Heights' Board of Adjustment.

## 5. PENDING MOTIONS

None.  Plaintiffs intend to re-file previously filed Rule 702 motion and motions in limine.

## 6.

## WITNESSES

a.      List the nonexpert witnesses to be called by each party.  List separately:

## 6. WITNESSES

a.      List the nonexpert witnesses to be called by each party.  List separately:

(1)     Plaintiffs' Witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A)):

1. Craig Shriver.  c/o Aimee M. Bove, Bove Law Offices, P.C., 1325 S. Colorado Blvd., Suite 503, Denver, CO 80222.  303-918-4355.  Mr. Shriver will testify regarding policies, procedures, industry standards and other information surrounding the mobile home industry, including compliance with local laws and regulations, and facts surrounding the claims in the subject suit. This testimony is further identified in his non-retained expert witness disclosure.  He will testify to Federal Heights' and the named defendants' actions and omissions as it pertains to his due process claim.

2. Ken Ekross.  c/o Brenden Desmond or J. Andrew Nathan.  Nathan Dumm & Meyer PC. 7900 E. Union Avenue, Suite 600, Denver, CO  80237.  303-691-3737.  Mr. Ekross will testify regarding policies, procedures, industry standards and other information surrounding the mobile home industry, including compliance with local laws and regulations, and facts surrounding the claims in the subject suit. Mr. Ekross will testify regarding his actions and omissions as it pertains to Plaintiffs' due process claim, including but not limited to September 3 and September 19 Notice and Orders for Removal, his history with Mr. Shriver/Riverside Storage, inspections and trespass on Plaintiffs' property.

3. Jacqueline Halburnt.  c/o Brenden Desmond or J. Andrew Nathan.  Nathan Dumm & Meyer PC. 7900 E. Union Avenue, Suite 600, Denver, CO  80237.  303-691-3737.  Ms. Halburnt will testify on compliance with local laws and regulations, and facts surrounding the claims in the subject suit. Ms. Halburnt will testify to her actions and omissions as it pertains to Plaintiffs' due process claim, including but not limited to September 3 and September 19 Notice and Orders for Removal, Federal Heights' targeting of Kimberly Hills, inspections and trespasses on Plaintiffs/ property.

4. Steven Durian.  c/o Patrick A. Singer.  Krel & Johnson, PC, 130 Rampart Way, Suite 200, Denver, CO  80230.  303-336-2100.  Mr. Durian will testify regarding compliance with local laws and regulations, and facts surrounding the claims in the subject suit. Mr. Durian will testify to his actions and omissions as it pertains to Plaintiffs' due process claim, including but not limited to September 3 Notice and Order for Removal, Federal Heights' targeting of Kimberly Hills, inspections,

removal of insignia, trespasses and the facts surrounding his resignation from the City of Federal Heights.

5. Tanya Wiebold.  Kimberly Hills c/o Aimee M. Bove, Bove Law Offices, P.C., 1325 S. Colorado Blvd., Suite 503, Denver, CO 80222.  303-918-4355.   Park Manager and representative of Kimberly Hills. Ms. Wiebold will testify regarding policies, procedures, industry standards and other information surrounding the mobile home park industry, including contracts between Riverside Storage and mobile home pros, lot rent, lot preparation, incentives to MIDs and information on Federal Heights' and the named Defendants' actions and omissions as it pertains to Kimberly Hills due process claim.

6. John Hood.  c/o Aimee M. Bove, Bove Law Offices, P.C., 1325 S. Colorado Blvd., Suite 503, Denver, CO 80222.  303-918-4355.  Mr. Hood will testify regarding investing in the mobile home industry, Federal Heights' policies and procedures. Including but not limited to Mobile Home pros' and Kimberly Hills' contracts, removal of insignias, damages, Notices of Removal and Defendants' actions and omissions as it pertains to his due process claim.

7. Kevin Cox.  c/o Aimee M. Bove, Bove Law Offices, P.C., 1325 S. Colorado Blvd., Suite 503, Denver, CO 80222.  303-918-4355.  Mr. Cox will testify regarding investing in the mobile home industry, Federal Heights' policies and procedures. Including but not limited to Mobile Home pros' and Kimberly Hills' contracts, removal of insignias, damages, Notices of Removal and Defendants' actions and omissions as it pertains to his due process claim.

8. Jeff Wiebold. Front Range Mobile Community, 2885 W. 128 Ave Denver Colorado. 720-210-4681. Park Manager Front Range Mobile Community. Mr.

Wiebold will testify regarding policies, procedures, industry standards and other information surrounding the mobile home industry. Including but not limited to information regarding City of Evan's flood homes. Mr. Wiebold will testify to the condition and selection of home to be removed from Evans to be remediated, City of Evan's homes placed in Thornton, and information on the alleged Tier 1 Designation.

(2)     Plaintiffs Witnesses who may be present at trial if the need arises (see Fed.
        R. Civ. P. 26(a)(3)(A)):

1.  Timothy Williams. c/o Brenden Desmond or J. Andrew Nathan. Nathan Dumm & Meyer PC. 7900 E. Union Avenue, Suite 600, Denver, CO 80237. 303-691-3737. Mr. Williams will testify regarding compliance with local laws and regulations, and facts surrounding the claims in the subject suit. Mr. Williams will testify to his actions and omissions as it pertains to Plaintiffs' due process claim, including but not limited to September 3 and September 19 Notice and Orders for Removal, Federal Heights targeting of Kimberly Hills, inspections and trespasses on Plaintiffs/ property.

2.  Ken Essex. 928-266-3456/303-450-2255 10201 Riverside Rd., #200 Thornton, Colorado. Mr. Essex will testify regarding policies, procedures, industry standards and other information surrounding the mobile home industry, including flood damage remediation, teardown and set -up of mobile homes and information surrounding the claims in the subject suit. Mr. Essex has personal knowledge of Riverside Storage and Recycling Center, including its storage lot, storage capability and surrounding areas. Mr. Essex has information regarding Defendant Ekross while he was employed with the City of Thornton and City of Federal

Heights and his interactions with MIDs and plaintiff's in the subject lawsuit. Mr. Essex has information regarding Eastwood Village and Bella Vista after the September 2013 flood. Mr. Essex viewed Mr. Shriver selecting homes that he intended to remediate and rebuild. Mr. Essex was also an agent of Riverside Storage and Craig Shriver and applied for the set permits for units 387 and 516. Mr. Essex had contact with Mr. Ekross when applying for the permits. Please see Mr. Essex's non-retained expert disclosure for further testimonial information.

3. Kyle Boyd. Colorado Division of Motor Vehicles. 303-205-5600. 1881 Pierce St, Lakewood, Colorado 80214. Mr. Boyd will testify regarding Department of Motor Vehicles policies, procedures, standards and other information surrounding City of Evans' flood affected mobile homes title registration and status, including compliance with DMV laws and regulations and information regarding DMC status of the subject homes.

4. Andrew Nimitz. 303-422-7011. 4890 Kipling Street Wheat Ridge, Colorado 80033. Attorney for Craig Shriver in the Municipal Action commenced by Federal Heights. Mr. Nimitz will testify to his interaction with Federal Heights and its history of animosity with Mr. Shriver/Riverside Storage and facts surrounding Notices and Orders of Removal.

5. Michael Wilson. 303-913-7308. michael.wheelestate@gmail.com. Mobile Home Pros, LLC. . Mr. Wilson will testify regarding investing in the mobile home industry. Contracts between himself, Mr. Hood, Mr. Cox and Kimberly Hills for homes in Federal Heights. Federal Heights and its employee's actions policies, procedures, industry standards and other information surrounding Defendants' violations of due process.

6. Kell Straits.  [kstraits@fedheights.org](mailto:kstraits@fedheights.org).  303-428-8538 Kell Straits will testify regarding emails about notices and citations given to Plaintiffs, and facts surrounding the claims in the subject suit.  Kell Straits also has information regarding the City of Federal Heights' intentional acts toward Plaintiffs.

7. Mayor Daniel Dick.  Federal Heights, CO.  720-785-3983. Mayor Dick has information regarding emails about notices and citations given to Plaintiffs, and facts surrounding the claims in the subject suit. Mr. Dick also has information regarding the City of Federal Heights' intentional acts toward Plaintiffs.

8. Bryan Kottke Federal Heights Police Officer 303-428-8538 2380 W. 90th Avenue Federal Heights, Colorado 80260.  Mr. Kottke will testify regarding emails about notices and citations given to Plaintiffs, and facts surrounding the claims in the subject suit. Mr. Kottke also has information regarding the City of Federal Heights' intentional acts toward Plaintiffs, including the May 16, 2015 Police Department Statement Form and case number 15-1006.

(3)     Plaintiffs' witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony.  See Fed. R. Civ. P. 26(a)(3)(B).

1. N. Zack Ratkai.  City of Evans Community Development Manager.  970-475-1111. Mr. Ratkai's deposition testimony will be provided at trial.  The pertinent portions of the deposition are identified and attached to this pre-trial order.

b.     List the expert witnesses to be called by each party.  List separately:

(1)     Plaintiffs' Witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A)):

1.     Retained Witness Steve Thomas.  President, Colorado Code Consulting LLC,

4610 S. Ulster Street Suite 150, Denver, CO 80237. Mr. Thomas will testify as to his expert reports.

2. Retained Witness Roderick Knoll. Manufactured Housing Resources Group, 1031 Harper Street, Louisville, CO 80027. . Mr. Knoll will testify as to his expert reports.

3. Retained Rebuttal Witness Andy Dunnell, Banyan Environmental (P) 970-222-6849 (F) (866)539-5783. . Mr. Dunnell will testify as to his rebuttal expert report.

4. Non Retained Expert Witness Craig Shriver c/o Aimee M. Bove, Bove Law Offices, P.C., 1325 S. Colorado Blvd., Suite 503, Denver, CO 80222. 303-918-4355. . Mr. Shriver will testify as to his non-retain expert designation.

5. Non Retained Rebuttal Witness Ken Essex, Tip Top Homes 10201 Riverdale Rd. #200 Thornton, Colorado 80229 303-450-2255. Mr. Essex will testify as to his non-retain expert designation.

b. Defendants' Nonexpert Witnesses:

    a. Will Call:

        i. Timothy Williams*. Mr. Williams will be called to testify regarding the facts surrounding this case consistent with his deposition.

    b. May Call

        i. Jacqueline Halburnt*, City Manager. Ms. Halburnt may be called to testify as to the facts surrounding this case consistent with her deposition.

        ii. Ken Ekross*. Mr. Ekross may be called to testify regarding the

facts surrounding this case consistent with his deposition.

iii. Steve Durian*.  Mr. Durian may be called to testify regarding the facts surrounding this case consistent with his deposition.

iv. N. Zach Ratkai*.  Mr. Ratkai may be called to testify regarding the facts surrounding the case consistent with his deposition.  If unavailable, Defendants may use testimony from Mr. Ratkai's deposition.

v. Keith Cowan*.  Mr. Cowan may be called to testify regarding the facts surrounding this case consistent with his deposition.  If unavailable, Defendants may use testimony from Mr. Cowan's deposition.

vi. Michael Wilson.  Mr. Wilson may be called to testify regarding the facts surrounding this case consistent with his deposition.  If unavailable, Defendants may use testimony from Mr. Wilson's deposition.

vii.  Jeff Wiebold.  Mr. Wiebold may be called to testify regarding the facts surrounding this case consistent with his deposition.  If unavailable, Defendants may use testimony from Mr. Wiebold's deposition.

viii.  Tonya Wiebold.  Ms. Wiebold may be called to testify regarding the facts surrounding this case consistent with her deposition.

ix. Andrew Nimtz.  Mr. Nimtz may be called to testify regarding the facts surrounding this case consistent with his deposition.  If unavailable, Defendants may use testimony from Mr. Nimtz's

deposition.

  x. Scott Krob.  Mr. Krob may be called to testify regarding the facts surrounding this case and his interactions with Craig Shriver and Mr. Nimtz.

  xi. Kevin Cox.  Mr. Cox may be called to testify regarding the facts surrounding this case consistent with his deposition.

  xii. Michael Hood.  Mr. Hood may be called to testify regarding the facts surrounding this case consistent with his deposition.

  xiii. Craig Shriver*.  Mr. Shriver may be called to testify regarding the facts surrounding this case consistent with his deposition.

  xiv. Any witness properly disclosed by the Parties.

  xv. Any witness necessary for rebuttal or impeachment.

  xvi. Any witness necessary for authentication or foundation.

6. Defendants' Expert Witnesses:

 a. Will Call

  i. Gil Rossmiller.  Mr. Rossmiller may be called to testify in the field of building codes and enforcement consistent with his expert report. Mr. Rossmiller is a retained expert.

 b. May Call

  i. Chris Tremaine.  Mr. Tremaine may be called to testify in the field of manufactured home costs and damages consistent with his expert report.  Mr. Tremaine is a retained expert.

  ii. Kelly Spence.  Mr. Spence may be called to testify in the field in the field of manufactured home costs and damages consistent with his

expert report.  Mr. Spence is a retained expert.

iii. Stephen Podrasky.  Mr. Podrasky may be called to testify regarding the following as a non-retained expert:

1. His background, education, and experience working in the restoration and construction fields.

2. His personal observations and the results of his investigations at Eastwood Village Mobile Home Park and Bella Vista Mobile Home Park during the Fall of 2013.

3. The estimates he created for proper restoration services at Eastwood Village Mobile Home Park and Bella Vista Mobile Home Park.

4. His communications with Mr. Feehan, the owner of Bella Vista Mobile Home Park, Mr. Cowan, the owner of Eastwood Village Mobile Home Park, Mr. Ratkai, and others related to the proposed restoration projects.

5. His opinions about the requirements for demolition and removal of the debris at Eastwood Village Mobile Home Park and Bella Vista Mobile Home Park, including the mobile homes themselves.  He will testify about industry standards and the State of Colorado's guidance and requirements for handling flood-damaged debris, including debris affected by the Category 3 conditions, and related guidelines and regulations related to his field.

6. His opinions about the conduct of Mr. Shriver and those

who assisted him as it relates to the proper handling of a Category 3 site, including opinions about transporting mobile homes off the site and attempting to set them for occupancy elsewhere.

iv. Tim Williams.  Mr. Williams may be called to testify regarding the following as a non-retained expert:

1. His background, education, and experience working in building and planning departments, as detailed in Federal Heights' Fed. R. Civ. P. 30(b)(6) deposition.

2. Mr. Williams may be asked to rebut the testimony of other witnesses, including those disclosed by Plaintiffs.

3. Mr. Williams may be asked to testify regarding the responses to written discovery served by any party to this civil action.

4. Mr. Williams is expected to affirm the opinions of Defendants' retained experts and Mr. Podrasky and to rebut Plaintiffs' retained and non-retained experts and to provide supporting factual and technical information based on his education, training, and experience.

5. Mr. Williams will testify and provide opinions as per his deposition testimony.

v. Ken Ekross.  Mr. Ekross may be called to testify regarding the following as a non-retained expert:

1. His background, education, and experience working in

building and planning departments, as detailed in his deposition.

2. Mr. Ekross may be asked to rebut the testimony of other witnesses, including those disclosed by Plaintiffs.

3. Mr. Ekross may be asked to testify regarding the responses to written discovery served by any party to this civil action.

4. Mr. Ekross is expected to affirm the opinions of Defendants' retained experts and Mr. Podrasky and to rebut Plaintiffs' retained and non-retained experts and to provide supporting factual and technical information based on his education, training, and experience.

5. Mr. Ekross will testify and provide opinions as per his deposition testimony.

vi. Steven Durian.  Mr. Durian may be called to testify regarding the following as a non-retained expert:

1. His background, education, and experience working in building and planning departments, as described in his deposition.

2. Mr. Durian may be asked to rebut the testimony of other witnesses, including those disclosed by Plaintiffs.

3. Mr. Durian may be asked to testify regarding the responses to written discovery served by any party to this civil action.

4. Mr. Durian may be asked to testify regarding any matter regarding which he has personal knowledge, including his

observations of the mobile homes at issue in this case, his interactions with related individuals and entities, and the related circumstances as they may be developed at trial.

5. Mr. Durian is expected to affirm the opinions of Defendants' retained experts and Mr. Podrasky and to rebut Plaintiffs' retained and non-retained experts and to provide supporting factual and technical information based on his education, training, and experience.

6. Mr. Durian will testify and provide opinions as per his deposition testimony.

vii. N. Zach Ratkai. Mr. Ratkai may be called to testify regarding the following as a non-retained expert:

1. His background, education, and experience working in building and planning departments, as detailed in his deposition.

2. Mr. Ratkai, based on his training and experience, may opine as per his deposition testimony.

3. Mr. Ratkai is expected to testify as to his opinions and expectations related to the flood-damaged mobile homes in Eastwood Village and Bella Vista Mobile Home Parks, including their designation as Tier 1 Debris and otherwise and the proper handling of the mobile homes and related materials.

4. Mr. Ratkai will testify and provide opinions as per his

deposition testimony

**7.**

**EXHIBITS**

(1)      Plaintiff(s):

      See attached chart.

(2)      Defendant(s):

      See attached chart.

b.      Copies of listed exhibits must be provided to opposing counsel and any *pro se*

party no later than 30 days before trial.  The objections contemplated by Fed. R. Civ. P.

26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than

14 days after the exhibits are provided.

**8.  DISCOVERY**

Discovery has been completed.

**9.  SPECIAL ISSUES**

None.

**10.**

**SETTLEMENT**

a.      Counsel for the parties and any *pro se* party met *in person* on

August 9, 2016, to discuss in good faith the settlement of the case.  They further met

via telephone with the Tenth Circuit Court of Appeals' Mediation Office on April 14,

2017.

b.      The participants in the settlement conference, included counsel, party

representatives, and any *pro se* party.

      Brenden Desmond and Andy Nathan on behalf of Federal Heights.

Aimee Bove and Stuart Borne on behalf of Plaintiffs.

c.      The parties were promptly informed of all offers of settlement.

d.      Counsel for the parties and any *pro se* party have not discussed future settlement

conferences.

e.      It appears from the discussion by all counsel and any *pro se* party that there is:

 (a good possibility of settlement.)

(some possibility of settlement.)

(little possibility of settlement.)

(no possibility of settlement.)

f.      Counsel for the parties and any *pro se* party considered ADR in accordance with

D.C.COLO.LCivR.16.6.

## 11.  OFFER OF JUDGMENT

Counsel and any *pro se* party acknowledge familiarity with the provision of Rule

68 (Offer of Judgment) of the Federal Rules of Civil Procedure.  Counsel have

discussed it with the clients against whom claims are made in this case.

## 12.  EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action

and the trial, and may not be amended except by consent of the parties and approval by the

court or by order of the court to prevent manifest injustice.  The pleadings will be deemed

merged herein.  This Final Pretrial Order supersedes the Scheduling Order.  In the event of

ambiguity in any provision of this Final Pretrial Order, reference may be made to the record

of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

**13. TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION**

**PROCEEDINGS**

*1.*     Jury Trial

2.     Plaintiff proposes a five-day trial.  Defendants need approximately two days to present their claims and defenses


DATED this 22d day of June, 2017.


                                                    BY THE COURT

                                                    s/ Nina Y. Wang

                                                    _____
                                                    United States Magistrate Judge

APPROVED:

                                                    By:  */s/ Aimee M. Bove*
                                                    Aimee M. Bove, #36915
                                                    Bove Law Offices, P.C.
                                                    1325 S. Colorado Blvd., Ste. 503
                                                    Denver, Colorado 80222
                                                    Phone: (303) 918-4355
                                                    Fax: (303) 320-8578
                                                    Email: above@bovelaw.onmicrosoft.com
                                                    *ATTORNEY FOR PLAINTIFFS*
                                                    *RIVERSIDE STORAGE AND*
                                                    *RECYCLING CENTER, CRAIG SHRIVER,*
                                                    *KEVIN COX, JOHN HOOD, AND*
                                                    *KIMBERLY HILLS*

                                                    *s/ J. Andrew Nathan*
                                                    J. Andrew Nathan
                                                    Brenden Desmond
                                                    Nathan Dumm & Mayer P.C.
                                                    7900 E. Union Avenue, Suite 600
                                                    Denver, CO 80237-2776
                                                    anathan@ndm-law.com
                                                    *ATTORNEYS FOR DEFENDANT*