IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-02325-CMA-NYW

**RIVERSIDE STORAGE AND RECYCLING CENTER**, a Colorado Limited Liability Corporation;
**CRAIG SHRIVER**, individually;
**KEVIN COX**, individually;
**JOHN HOOD**, individually; and
**KIMBERLY HILLS**, a Foreign Limited Liability Company

Plaintiffs,

v.

**CITY OF FEDERAL HEIGHTS**, a Colorado Municipal Corporation;

Defendant.

## DEFENDANT'S MOTION IN LIMINE

### CERTIFICATION OF CONFERRAL

The undersigned hereby certifies that they conferred with Plaintiffs' counsel regarding the possibility of stipulating to the issues discussed herein during a phone conference on Friday, March 3, 2017, and was subsequently confirmed through email on August 11, 2017.  The Parties could not come to an agreement on the dispute, and therefore, pursuant to this Court's practice standard, Defendant brings this Motion.

### INTRODUCTION

Federal Heights seeks to resolve certain evidentiary issues prior to trial. Specifically, it seeks to preclude the introduction of evidence or statements regarding the following: (1) tree trimming at Kimberly Hills, (2) Ken Ekross's alleged trespassing; (3) mobile home insignias; (4) a surreptitious recording of Ken Ekross, and (5) Plaintiffs'

picture of homes not in Federal Heights. Any such evidence would be irrelevant and should be rejected pursuant to Fed. R. Evid. 403.

## STANDARD OF REVIEW

The purpose of a motion in limine is to expedite the trial process by enabling the court "to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." **United States v. Cline**, 188 F. Supp. 2d 1287, 1291 (D. Kan. 2002) (quoting **Palmieri v. Defaria**, 88 F.3d 136, 141 (2d Cir. 1996). Except as otherwise provided by the Federal Rules of Evidence, relevant evidence may be admissible. Fed. R. Evid. 402. Relevant evidence is defined as being "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Finally, Rule 403 allows a district court to exclude evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## ARGUMENT

As the Court is aware, this is a § 1983 case in which Plaintiffs allege that Federal Heights violated their due process rights when the City issued Notices and Orders for Removal of homes that had been previously damaged in historic flooding and declared Tier 1 debris by the City of Evans. Through their preliminary exhibit list, it seems,

however, that Plaintiffs are attempting to employ a "kitchen sink" approach to the litigation. The following evidence should be excluded from trial.

**I.    Evidence of Tree Pruning Citations Are Irrelevant and Unduly Prejudicial**

Federal Heights first requests that this Court exclude from trial any evidence, statements, or references relating to tree trimming citations issued by the City to Kimberly Hills' Manager, Tonya Weibold. Any such evidence bears no relevance to either Plaintiffs' claims or the defenses raised by the City.

Plaintiffs never made any allegations regarding tree trimming citations in any of their Four Amended Complaints. [See Doc. 78]. Rather, Plaintiffs' only mention of the citations was made in passing, in Plaintiffs' Response to Defendants' Motion for Summary Judgment. [Doc. 96, p. 29]. Plaintiffs stated that this shows animus, which means that the City violated Kimberly Hills' substantive due process rights. However, despite being the incorrect legal standard, this evidence does not make any fact about the Notices and Orders for Removal or flood-damaged homes more or less probable as required by Fed. R. Evid. 401. Rather, Plaintiffs are attempting to muddy the waters and unduly prejudice Federal Heights by pointing to irrelevant information in the hopes that the jury does not notice that one action has nothing to do with the other. Therefore, as the evidence is irrelevant to Plaintiffs' claims, would be unduly prejudicial, and would delay the trial as the City explains the necessity and background of the violations, the Court should exclude such evidence.

## II.     Discussion of Blight is Irrelevant and Unduly Prejudicial

Like the citations regarding tree trimming, Federal Heights also requests that the Court exclude from trial any evidence, statements, or references regarding alleged statements by Mayor Daniel Dick calling Kimberly Hills blighted.

Plaintiffs only reference to such statements was in Plaintiff's response to Defendants' Motion for Summary Judgment. [Doc. 96, p. 28]. Plaintiff's also attempt to state that this shows animus in violation of Plaintiffs' substantive due process rights. Like the tree trimming citations, an alleged comment does not make claims related to whether Federal Heights applied the correct procedure in its Notices and Orders for Removal more or less probable.  This is just another attempt by Plaintiffs to point to irrelevant information because of the lack of support they have for their actually pled claims.  As it is irrelevant, would be unduly prejudicial, and would delay the trial, the evidence should be excluded.

## III.    Evidence of Trespassing Is Also Irrelevant and Unduly Prejudicial

Plaintiffs also propose to introduce evidence that the City's Building Inspector Ken Ekross allegedly broke-in to a mobile home, for which Mr. Shriver filed a police report.  However, no charges were filed against Mr. Ekross, and Mr. Shriver later admitted that the he could not file a police report as he did not in fact own the home. [Ex. A (Disposition); Ex. B, Shriver Depo. II, 388:5-19].  Further, as building inspector, Mr. Ekross had power to enter a home currently under permit.  Finally, as with the tree

pruning, Plaintiffs made no claim of trespass against Mr. Ekross. Therefore, Plaintiffs should be precluded from testifying regarding any alleged trespassing by Mr. Ekross.[1]

## IV.     Discussions of Home Insignias are Likewise Irrelevant to Plaintiffs' Claims

Plaintiffs similarly will attempt to distract the jury with irrelevant matters in attempting to discuss mobile home insignias. Specifically, Plaintiffs attempt to use the appearance or non-appearance of such insignias as proof that Federal Heights somehow violated Plaintiffs' property rights, even though Plaintiffs did not own the homes with insignias, and Plaintiffs did not appeal the removal. [See Doc. 87, p. 11 ¶61, Doc. 96, p. 22]. Furthermore, Plaintiffs have not presented evidence that the insignias create a property interest or that the photos identified as exhibits were of insignias owned by Plaintiffs (one, in fact, is presented as a "sample"). Therefore, any discussion of insignias at trial will be used as an attempt to unduly prejudice Defendants, and should therefore be excluded.

## V.     A Recording of Mr. Ekross During a Walk Through Done Without Consent

Plaintiffs also attempt to introduce evidence regarding a walk-through that included Ken Ekross and Plaintiff Craig Shriver, which was surreptitiously recorded by one of Shriver's associates. [Ex. C Shriver Depo. 90:7-91:19]. This recording is unduly prejudicial as Ekross did not know he was being recorded and the walk-through occurred before Federal Heights learned that the home has been designated as Tier 1 debris, meaning that Ekross's statements were based on material information withheld by Shriver and unknown by Ekross. Plaintiffs only intent in using the recording seems

---

[1] The police report itself also constitutes hearsay under Fed. R. Evid. 801 and 802.

to be an attempt to unduly prejudice the City and confuse the jury. Therefore, the recording, and Mr. Ekross's statements from the recording, should be excluded.

## VI. Photographs of Homes Not in Federal Heights Are Irrelevant

Finally, Plaintiffs wish to introduce photos of mobile homes that were not in Federal Heights, nor which can be confirmed to have ever been in Federal Heights. [Ex. D, Plaintiff Ex. 57, 58, 60, 61]. It is unclear why Plaintiffs want to use these photographs as they are irrelevant to Plaintiffs' claims. First, Plaintiffs wish to introduce photographs of two mobile homes in the City of Thornton. According to Mr. Shriver, but without any evidentiary support, these are other flood-damaged homes. [Ex. C, Shriver I, 241:12-242:23]. They are not homes that were in Federal Heights subject to a Notice and Order for Removal. [Id.]. Therefore, they are not relevant to Plaintiffs' claims. Similarly, Plaintiffs also wish to introduce photographs of homes ready to be moved. However, Federal Heights does dispute that the homes were moved from the City of Evans. Therefore, the photos are irrelevant to Plaintiffs' claims and should be excluded.

## CONCLUSION

Federal Heights files this Motion in an effort to clarify evidentiary issues and promote expediency at trial. Introduction of this evidence would serve no purpose at trial other than to try irrelevant issues and unpled disputes, bias and confuse the jury, and prejudice the City. Because of this, the Court should grant Federal Heights' Motion, and exclude from trial any evidence or statements relating to the foregoing. The granting of this Motion would also provide clarity and help avoid questions or inadvertent statements that could lead to a mistrial.

WHEREFORE, the Federal Heights respectfully request this Court grant Defendant's Motion in Limine and preclude from trial evidence and testimony related to (1) tree trimming at Kimberly Hills, (2) references to blight, (3) Ken Ekross's alleged trespassing; (4) mobile home insignias; (5) a recording of Ken Ekross, and (6) Plaintiffs' pictures of homes not in Federal Heights.

Respectfully submitted this 14th day of August 2017.

*s/ J. Andrew Nathan*
J. Andrew Nathan
Brenden Desmond
*Nathan Dumm & Mayer P.C.*
7900 E. Union Avenue, Suite 600
Denver, CO 80237
Phone: (303) 691-3737
Email: bdesmond@nbdmlaw.com,
anathan@nbdmlaw.com
*For Federal Heights Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of August, 2017, I electronically filed the foregoing **DEFENDANT'S MOTION IN LIMINIE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following at their e-mail addresses:.

Aimee M. Bove
Bove Law Offices, P.C.
1325 S. Colorado Blvd., #503
Denver, CO 80222
above@bovelaw.onmicrosoft.com
Attorney for Plaintiffs

                                        *s/ J. Andrew Nathan*
                                        J. Andrew Nathan