# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-02325-CMA-NYW

**RIVERSIDE STORAGE AND RECYCLING CENTER**, a Colorado Limited Liability Corporation;
**CRAIG SHRIVER,** individually;
**KEVIN COX**, individually;
**JOHN HOOD**, individually; and
**KIMBERLY HILLS**, a Foreign Limited Liability Company,

Plaintiffs,

v.

**CITY OF FEDERAL HEIGHTS**, a Colorado Municipal Corporation;

Defendant.

---

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION PURSUANT TO RULE 702 AND 403 TO PRECLUDE STEPHEN THOMAS, KEN ESSEX, AND CRAIG SHRIVER

---

**COME NOW**, Riverside Storage and Recycling Center, Craig Shriver, Kevin Cox, John Hood, and Kimberly Hills, by and through their undersigned attorneys, and file this Response in Opposition to Defendant's Motion Pursuant to Rule 702 and 403 to Preclude Stephen Thomas, Ken Essex, and Craig Shriver ("Motion").

## INTRODUCTION & SUMMARY OF ARGUMENT

"[E]xclusion of expert testimony under Rule 702 'is the exception rather than the rule.'" *Heer v. Costco Wholesale Corp.*, 589 F. App'x 854, 861 (10th Cir. 2014) (quoting Fed. R. Evid. 702 advisory committee notes (2000)). As a threshold matter, the Motion

1

should be stricken for untimeliness and failure to confer.  Defendant's Motion also fails

on the substantive issues.  Defendant seeks to preclude all testimony of Plaintiffs'

experts Mr. Thomas, Mr. Shriver, and Mr. Essex, despite only raising foundational

challenges to select opinions.[1]  Moreover, these foundational challenges fail.  Mr.

Thomas's opinions are not impermissible legal opinion.  Mr. Shriver's opinions are

reliably based on his substantial experience.  Mr. Shriver and Mr. Essex's opinions were

properly disclosed as rebuttal opinions and, furthermore, any error was harmless.

Finally, Mr. Essex's testimony will be useful to the jury.

## ARGUMENT

### I.    The Motion Is Untimely And Defendant Did Not Confer In Good Faith.

Defendant did not timely file a 702 Motion when the case was first set for trial.  A

final pretrial conference was set in this matter on March 28, 2017.  (ECF no. 112.)

According to this Court's practice standards, no 702 Motion shall be filed later than

seventy days prior to the final pretrial conference.  CMA Civ. Practice Standard 7.1C(d).

Defendant did not file a 702 Motion seventy days prior to March 28, 2017.  The Court

did not extend the time for filing 702 Motions.  Defendant also did not raise the issue of

filing a new 702 Motion at the pretrial conference held on June 22, 2017, after

Defendant dismissed its appeal.  In fact, the pretrial order makes reference only to

---

[1] The Court's practice standards require a party to state exactly what the objection or foundational challenge is to the testimony and separately state each opinion/testimony that it wants excluded. CMA Civ. Practice Standard 7.1C(b)(2).  Defendant's Motion consistently blends foundational challenges and, despite the fact that it only specifically objects to certain opinions, Defendant seeks to exclude all testimony for all experts discussed.  As Plaintiffs discuss at various points in this Response, the scope of the expert reports are much broader than what is discussed in Defendant's Motion.

Plaintiff's intent "to re-file previously filed Rule 702 motion and motions in limine." (ECF no. 146 at 7.)  Therefore, Defendant waived its opportunity to file a 702 Motion by failing to timely file a Motion before the March pretrial conference and by failing to raise the issue with or seek permission from the Court to file a new Motion.

Defendant also did not follow the Court's requirement to make reasonable, good-faith efforts to confer with opposing counsel in an attempt to resolve the disputed matters and did not list in the motion the specific efforts that were taken to comply with this duty to confer.  *Cf.* CMA Civ. Practice Standard 7.1C(a).  On August 2, 2017, Defendant's counsel wrote to Plaintiff's counsel to "check in . . . regarding conferrals on Motions in Limine and any 702 Motions that we were filing before the appeal."  Ex. A (emphasis added).  When undersigned responded to ask whether Defendant's counsel would be filing anything new, Defendant's counsel indicated that it was "adding Mr. Thomas to its 702 Motion."  However, as discussed above, Defendant had no existing 702 Motion.  The parties did not further confer and never discussed Defendant's requested relief concerning Mr. Thomas's, Mr. Shriver's, or Mr. Essex's testimony.

## II.     Stephen Thomas's Testimony Is Admissible.

Mr. Thomas is Plaintiffs' expert on building code review and building inspection.  Mot. Exs. A, B.  Mr. Thomas is an experienced municipal building official.  Mot. Ex. B at 9.  He worked as the building official for the City of Glendale, Colorado for eighteen years and as a contract building official for the City of Cherry Hills Village, Colorado for nearly forty years.  *Id.*  For over thirty years, he has been involved with the development of the Uniform and International family of Codes, which are the relevant codes adopted

by the City of Federal Heights and applicable in this case. *Id.* Based on his experience and education understanding and applying municipal building codes—particularly those based on the International Residential Code (IRC) and the International Property Maintenance Code (IPMC)—Mr. Thomas will testify as to the propriety of Defendant's notices and orders of removal. *See generally* Mot. Ex. B. Specifically, Mr. Thomas will testify that Defendant improperly issued the two Notice and Order documents based on improper interpretation of Federal Heights municipal code section on nuisance, improper designation of the homes as Tier 1 debris under the state guidance document, and improper application of the IRC instead of the IPMC. *Id.* at 3-6, 9. He will testify that Defendant did not follow industry standards for writing the notice and order, including by failing to provide notice of a right to appeal. *Id.* at 7, 9. Finally, he will testify that Defendant's building officials violated the right of entry provisions of the applicable IRC and did not receive appropriate education or certification for enforcement of the administration provisions under the IRC or IPMC. *Id.* at 8-9.

Defendant has placed Federal Height's municipal codes at issue because it claims that it did not violate Plaintiff's due process since it acted in accordance with applicable codes and procedures to protect health and safety and was not required to provide a separate notice of plaintiff's appeal rights. *See generally* Mot. Summ. J. (ECF no. 150). Mr. Thomas will assist the jury in understanding the evidence related to the City's claim that it followed proper codes and procedures. *Gust v. Jones*, 162 F.3d 587, 594 (10th Cir.1998) ("[T]he touchstone of the admissibility of expert testimony is its helpfulness to the trier of fact.").

Mr. Thomas's opinions meet the admissibility requirements of Fed. R. Evid. 702 and 403. *See United States v. Crabbe*, 556 F.Supp.2d 1217, 1221 (D. Colo. 2008) (the proponent of testimony need only prove that "the witness has sufficient expertise to choose and apply a methodology, that the methodology applied was reliable, that sufficient facts and data as required by the methodology were used and that the methodology was otherwise reliably applied") (internal citation omitted). Mr. Thomas's testimony is based on a complete review of the applicable record. Mot. Ex. B at 1-2. Mr. Thomas's testimony is based on the principles and methods that he as an experienced building official regularly applies when determining the applicability of municipal code provisions and guidance documents to specific properties. *Accord* Fed. R. Evid. 702 (advisory committee notes (2000)) (stating that a law enforcement agent who testifies regarding the use of code words in a drug transaction may rely on the principle that participants in such transactions regularly use code words to conceal the nature of their activities and the method of the application of extensive experience to analyze the meaning of the conversations). Mr. Thomas describes in detail in his report the connection between the framework he employs, the facts to which he applies it, and his conclusions. *Accord Bragdon v. Abbott*, 524 U.S. 624, 653 (1998) (noting that expert testimony "must have a traceable, analytical basis"). Mr. Thomas's testimony is thus relevant, reliable, and more probative than prejudicial.

Defendant claims that Mr. Thomas "invades the province of the court to instruct the jury on the law," that the opinions are not relevant (under FRE 702), and also that they confuse the issues. Mot. at 7-9. Defendant specifically objects to Mr. Thomas's

opinion that the IPMC was the legally correct code on which Defendant should have

relied, rather than the IRC. *Id.* This is merely one of several opinions that Mr. Thomas

asserts in his report, and it pertains to whether Federal Heights should have issued

Notices and Orders of Removal on homes that were not yet installed.[2]  Mot. Ex. C at 6.

Defendant states the general rule that an expert witnesses may not testify as to

ultimate issues of law governing the jury's deliberations, because instructing the jury is

the function of the trial judge. *See Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir.1988)

(*en banc*).  *Specht* concerned an expert who gave "legal conclusions touching upon

nearly every element of the plaintiffs' burden of proof under § 1983." *Id.* at 808.[3]

The Court in *Specht* did not create a blanket prohibition against an expert making

any reference to the law.  As the Court stated,

> a witness may refer to the law in expressing an opinion without that
> reference rendering the testimony inadmissible. Indeed, a witness may
> properly be called upon to aid the jury in understanding the facts in
> evidence even though reference to those facts is couched in legal terms.

*Id.* at 809.  This occurs especially when an expert testifies with regard to industry

---

[2] Defendant's entire argument about Mr. Thomas focuses on this single opinion, yet
Defendant claims that Mr. Thomas should be excluded from testifying in the entirety.
Even if deemed inadmissible, Mr. Thomas's other opinions do not depend on this one
opinion.  Mr. Thomas's first opinion, that the City did not correctly apply the nuisance
section of its code, is independent.  Mr. Thomas's second opinion, that the City
incorrectly labeled the mobile homes "Tier 1 debris" under the state guidance, is
independent.  Mr. Thomas's fourth opinion, that industry standard required providing
notice of appeal rights, is independent.  Mr. Thomas's fifth opinion, that Mr. Ekross and
Mr. Duran violated the IRC right of entry provisions, is independent and moreover
indicates that Mr. Thomas did not believe that the IPMC was the only applicable code.
Mr. Thomas's sixth opinion, that Mr. Ekross did not receive the appropriate training or
education to enforce the provisions of the IRC or IPMC is also independent.
[3] *Specht* involved an attorney testifying as a legal expert and the holding seemed to turn
on that fact, though it appears to have since been applied more broadly.

6

standards and application of those standards to a particular case. *See, e.g., United States Welding Inc. v. Tecsys Inc.*, 14-cv-00778 (D. Colo. Mar. 28, 2016) ("Of course, a qualified expert may discuss and define industry standards and other standards within his field of expertise, compare the actions or inactions of a party to those standards, and opine whether those standards were satisfied or not."); *Hangarter v. Provident Life and Accident Insurance Co.*, 373 F.3d 998, 1016 (9th Cir. 2004); *Fidelity National Financial, Inc. v. National Union Fire Insurance Co. Of Pittsburg, Pa*, 09-CV-140 (S.D. Cal., Mar. 28, 2014) (citing *Specht*); *CDX Liquidating Trust By The Cdx Liquidating Trustee, v. Venrock Associates*, 411 B.R. 571, 588 (N.D.Ill. 2009).

Mr. Thomas's testimony does not improperly instruct the jury on the law, but rather applies Mr. Thomas's knowledge of what building code applies in any given circumstance to assess Defendant's actions and conclude that it did not follow proper code requirements. Mr. Thomas's opinion is more accurately considered an opinion on "industry standard" than a belief on how any ultimate legal issue of the case should be decided. For instance, Mr. Thomas states that it is industry standard practice to include the notice of appeal rights as required by the IPMC. Mot. Ex. C at 7. Even as to his opinion that the IPMC governed the homes not yet moved into Federal Heights, Mot. Ex. C at 6, that opinion does not go directly to an ultimate issue of law that the jury must decide, but rather it establishes the framework for Mr. Thomas's opinion that Defendant did not follow Federal Height's own adopted codes.

Defendant relies on *United States Aviation Underwriters, Inc. v. Pilatus Bus. Aircraft, LTD*, 582 F.3d 1131, 1149-51 (10th Cir. 2009), but *Pilatus* can be distinguished.

7

First, in *Pilatus*, the issue was not what particular law or regulation applied, but rather what that law required. The Court on appeal determined that the expert's opinion was not admissible to instruct the Jury as to what a specific federal aviation regulation required, because the regulation was written in straightforward language. The Court reasoned, therefore, that the expert opinion was not required and, only as a secondary reason, that it would violate the rule from *Specht*. Defendant has made only a surface argument that the application of the IRC versus the IPMC is straightforward, such that Mr. Thomas' opinion in this regard would be superfluous.[4]

### III.    Mr. Shriver's Opinions Are Admissible.

Mr. Shriver, who is a Plaintiff in the case, is an expert in set up, construction, refurbishing, remodeling, tear down, demolition, recycling, moving and transport of manufactured/mobile homes. Mot. Ex. A. Mr. Shriver is also an expert in the mobile home rental market. *Id.* Mr. Shriver is qualified based on his twenty five years of experience and training in the industry (fifteen of which includes setting up mobile homes). *Id.* Mr. Shriver will offer testimony on the process of obtaining the required permits and other approvals from a jurisdiction's building official leading to the final certificate of occupancy. *Id.* He will offer testimony on the procedure of transporting and setting up mobile homes, including obtaining approvals from jurisdiction. *Id.* He will offer testimony on the necessary tasks involved in remodeling and refurbishing mobile

---

[4] As discussed above, an explanation by an expert on the applicable code is required to assist the jury in understanding whether Defendant followed the proper procedures in regard to issuing the notices and orders for removal and the language they contained. Defendant appears to recognize this as it has designated its own expert in the field of building codes and enforcement, Gil Rossmiller. Mot. Ex. C at 1-2.

homes to make them safe and to meet jurisdictional guidelines. *Id.* He will offer

testimony on evaluating homes for whether they are safe to rebuild/reuse, including the

structural and economic analysis he uses, and on recycling and disposing of

manufactured homes. *Id.* He will offer testimony on renting manufactured homes. *Id.*

He will offer opinion testimony on the reasonableness of certain damages he and the

other Plaintiffs incurred in the case related to remodeling, setting up, transporting, and

selling the manufactured homes involved in this lawsuit. *Id.* Finally, he will offer rebuttal

testimony on the standards and costs actually necessary for remediating flood-affected

mobile homes. Mot. Exs. D and E. Mr. Shriver's testimony will help the jury understand

Mr. Shriver's business model as it relates to damages, and the differences between Mr.

Shriver's model and the assumptions of Defendant's expert's in manufactured home

costs and damages, Chris Tremaine and Kelly Spence. Mot. Ex. C.

Mr. Shriver's opinions properly meet the reliability requirement of Fed. R. Evid.

702. As the Committee Notes to Rule 702 make clear, "the relevant factors for

determining reliability will vary from expertise to expertise" and some types of expert

testimony "will not rely on anything like a scientific method, and so will have to be

evaluated by reference to other standard principles attendant to the particular area of

expertise." Fed. R. Evid. 702 (advisory committee notes (2000)). Method may include

"the application of extensive experience." *Id.*; *accord United States v. Garza,* 566 F.3d

1194, 1199 (10th Cir. 2009) ("specialized knowledge can be acquired through

experience and training."). The Committee Notes state that, "[i]f the witness is relying

solely or primarily on experience, then the witness must explain how that experience

leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *Id.*

Mr. Shriver is qualified by his experience and success in his chosen field of business: refurbishing and renting manufactured housing. His opinion that the damages in this case are reasonable is based on application of his knowledge and experience from refurbishing mobile homes and applying it to the facts of this case. Mr. Shriver is not a scientist and does not utilized peer-reviewed models. Nevertheless, Mr. Shriver's testimony will assist the jury in understanding the process of remediating and installing sub-market mobile homes, obtaining the necessary permits and approvals, and renting those homes. In sum, Mr. Shriver's testimony is reliable, does not instruct the jury on the law, is relevant, and is more probative than prejudicial.

Defendant challenges Mr. Shriver's testimony on the basis of reliability and states that Mr. Shriver offers improper legal opinion. Defendant also at raises the issue of relevance as it pertains to Mr. Shriver's opinions and confusion of the jury. Though Defendant only specifically lists one of Mr. Shriver's opinions ("once a building permit is signed off on and a [Certificate of Occupancy] issued, the house is safe for occupancy"), Defendant challenges the entirety of Mr. Shriver's disclosed expert testimony.

First, it is clear from the surrounding statements in the disclosures that Mr. Shriver's opinion as it regards the Certificate of Occupancy concerns the process leading up to the final certificate of occupancy, and what—based on his experience with the permitting and inspection process—the certificate is meant to convey. See Mot. Ex. A at 2. Contrary to what Defendant indicates, Mr. Shriver is not making a per se

statement that every home that receives a Certificate of Occupancy in any jurisdiction

must be safe, nor is he opining on the legal effect of the Certificate of Occupancy.

Rather, the disclosures indicate that Mr. Shriver will testify, based on his knowledge of

the process gained through experience, that a Certificate of Occupancy is the final step

in the building inspection approval process.[5]  *Id.*

Moreover, review of the disclosures reveals that Mr. Shriver does not improperly

confuse building permits and set permits.  *Cf.* Mot at 10.  The disclosures, which

Defendant correctly notes were drafted by counsel and not Mr. Shriver, use the term

"building permit" three times.   First, the disclosures state that "Mr. Shriver will testify to

the process of obtaining set <u>and</u> building permits." *Id.* (Emphasis added).  Second, they

state that Mr. Shriver "will testify to the inspections process from the applicable

jurisdiction's building official throughout the repair process and final granting of the

certificate of occupancy ("CO")." *Id.*  Finally, they state that "Mr. Shriver will also testify

as to the varied policies, codes, regulation and permitting procedures involved in

refurbishing manufactured housing. This will include set permits, building permits, final

---

[5] These disclosures were drafted by counsel, as is proper under Fed. R. Civ. P. 26(a)(2)(C) for a non-retained expert, and include simply a summary of opinions to which Mr. Shriver is expected to testify.  To the extent the Court has doubt regarding the content of or support for Mr. Shriver's opinions, Defendant requests an evidentiary hearing to clarify these statements. *See Miller v. Pfizer, Inc.,* 356 F.3d 1326, 1332 (Cir. 2004) ("[A]n expert's initial Rule 26 report cannot always anticipate every possible challenge to the report. Accordingly, on occasion it may be appropriate to permit the party using the expert to submit supplements to the report in response to assertions by opposing experts that there are gaps in the expert's chain of reasoning.") (citing *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1228 (10th Cir. 2003) (district courts may abuse their discretion when deciding whether to admit expert testimony "by unreasonably limiting the evidence upon which to base the decision")).

inspections from the State of Colorado, COs and associated fees and costs (See Exhibit A)." *Id.* at 3. It is clear from these statements that Mr. Shriver is aware of the distinction between set and building permits and does not incorrectly use these terms in such a way that would confuse the jury. Moreover, contrary to what Defendant states, Mot. at 10, the disclosures make no claims regarding which homes received set permits, building permits, or certificates of occupancy.

Finally, Mr. Shriver is qualified to testify and his opinions are reliable regarding the flood-affected homes, as opposed to other manufactured homes. *Cf.* Mot. at 10-11. An expert's experience or expertise need not be identically related to the exact topic of his testimony. "[A]s long as an expert stays within the reasonable confines of his subject area, . . . a lack of specialization does not affect the admissibility of [the expert] opinion, but only its weight." *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 970 (10th Cir. 2001) (quotation omitted). Mr. Shriver is qualified to opine, and these opinions are reliable, based on his significant experience in the industry repairing homes that require a range of remediation. *See* Mot. Ex. A. at 2. Mr. Shriver is also familiar with repairing homes to meet air quality and asbestos testing. *Id.* at 2-4. Any weakness of Mr. Shriver's opinions from not having worked <u>exclusively</u> with flood-affected homes can be addressed through cross examination.[6] *See Werth v. Makita Elec. Works, Ltd.,* 950 F.2d 643, 654 (10th Cir. 1991) ("[D]oubts . . . concerning the

---

[6] Defendant is aware that Mr. Shriver had experience remediating flood-affected homes. *See* Ex. B (Shriver Dep., Vol. II at 349:4-25). Moreover, Plaintiff's rebuttal expert disclosures state that "Mr. Shriver has 25 years of experience refurbishing neglected, unsafe, condemned and red tagged homes." Mot. Ex. D.

sufficiency of the factual basis to support [the expert's] opinion go its weight, and not its admissibility."); *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 596 (1993) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

## IV.   Mr. Shriver's And Mr. Essex's Opinions Were Properly Disclosed And Any Error Is Not Prejudicial.

Mr. Shriver's opinions were thoroughly disclosed in Plaintiffs' C.R.C.P. 26(a)(2) disclosures.  Mot. Ex. A.  Defendant correctly notes that one additional paragraph was added to Plaintiffs' rebuttal disclosures for Mr. Shriver addressing the claims "provided in Defendants' expert report."  Mot. Ex. D.  In their rebuttal disclosures, Plaintiffs disclosed a new expert, Mr. Essex, as also qualified to render these opinions.

Defendant objects to these opinions on the grounds that they were improperly disclosed.  Mot. at 11-13.  Defendant at times accuses Plaintiff of overinclusion in the rebuttal reports, though its real objection appears to be to underinclusion in the original reports.  This is not an objection to admissibility under Rule 702 or 403, but more properly a motion under Fed. R. Civ. P. 37.  Rule 37(c)(1) provides that a failure to comply with Rule 26(a) precludes the use of the expert information at issue "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c); *accord Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952 (10th Cir. 2002).  As Defendant didn't address this issue under the correct test, it failed to provide legal authority to support its requested relief.  Even under the proper test, Mr. Shriver's and Mr. Essex's opinions should not be excluded.

13

First, Mr. Shriver and Mr. Essex's opinions properly rebut opinions of Defendant's experts. Defendant disclosed initial experts in manufactured home costs and damages. Mot. Ex. C. In general, Mr. Tremaine and Mr. Spence's report stated that Mr. Shriver did not follow the proper remediation protocol; recalculated the costs of remediation; and concluded that Mr. Shriver would not have made a profit (and hence suffered no damages). *Id.*; *see also* Mot. Excl. (ECF no. 159). In response, Plaintiffs' rebuttal disclosures indicated additional opinions, shared by Mr. Shriver and Mr. Essex, that Mr. Tremaine and Mr. Spence's remediation protocol was not standard in the industry; that Mr. Shriver's remediation costs were reasonable; and additional details concerning Mr. Shriver's planned remediation protocol. Mot. Exs. D at 3-6, E. Thus, these opinions were intended to "contradict or rebut evidence on the same subject matter identified by an initial expert witness" and were therefore properly disclosed in a rebuttal expert witness disclosure pursuant to Fed. R. Civ. P. (a)(2)(D).

Regardless, any failure to previously disclose was not prejudicial. The purpose of Rule 26(a)(2)'s expert disclosure requirements is to "eliminate surprise and provide the opposing party with enough information regarding the expert's opinions and methodology to prepare efficiently for deposition, any pretrial motions and trial." *Cook v. Rockwell Intern. Corp.*, 580 F.Supp.2d 1071, 1122 (D. Colo. 2006). "The determination of whether a Rule 26(a)(2) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). In making the determination, the court should consider the following factors: "(1) the prejudice or surprise to the party against whom

the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the [disclosing] party's bad faith or willfulness." *Id.* Defendant has not offered any argument that it was prejudiced by the disclosures, nor could it, and therefore there is no need to cure any prejudice. Plaintiffs' rebuttal expert disclosures were served on October 24, 2016. Mot. Ex. D at 8. There is no argument that any disclosure, to the extent it was late, would disrupt trial. As demonstrated by their detailed original disclosures, Plaintiffs did not intentionally withhold information. Therefore, any error was harmless.

**V.      Mr. Essex's opinions are more probative than prejudicial.**

While Mr. Essex shares Mr. Shriver's opinions regarding remediation protocol, Mr. Essex is not similarly situated in the litigation because Mr. Essex is not a party. Therefore, Mr. Essex's opinions on the reasonableness of Mr. Shriver's costs and the appropriateness of Mr. Shriver's remediation techniques may carry different weight than those of Mr. Shriver himself. As discussed above, Mr. Essex's opinions are offered to rebut the testimony of Defendant's experts who claim that Mr. Shriver did not utilize the proper remediation technique for the flood-affected homes and that his cost estimates are inaccurate. Mot. Ex. D at 2-4. Mr. Essex is familiar with the local mobile home rental market, permitting process, and industry standard remediation practices. *Id.* Therefore, Mr. Essex could provide a useful opinion to the jury as a third party.

<u>**CONCLUSION**</u>

WHEREFORE, Plaintiffs respectfully request that the Court deny in whole Defendant's Motion and award what other relief it deems just.

Respectfully submitted this 11th day of September, 2017.

By: */s/ Aimee M. Bove*
Aimee M. Bove, #36915
Bove Law Offices, P.C.
1325 S. Colorado Blvd., Ste. 503
Denver, Colorado 80222
Phone: (303) 918-4355
Fax: (303) 320-8578
Email:
above@bovelaw.onmicrosoft.com
ATTORNEY FOR PLAINTIFFS
RIVERSIDE STORAGE AND
RECYCLING CENTER, CRAIG
SHRIVER, KEVIN COX, JOHN HOOD,
AND KIMBERLY HILLS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on 11th day of September, 2017, a true and correct copy of the foregoing **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION PURSUANT TO RULE 702 AND 403 TO PRECLUDE STEPHEN THOMAS, KEN ESSEX, AND CRAIG SHRIVER** was filed via CM/ECF and served parties of record, as follows:

J. Andrew Nathan
Brenden Desmond
Nathan Dumm & Mayer P.C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237-2776
anathan@ndm-law.com

*/s/ Aimee M. Bove*
Aimee M. Bove, #36915
Bove Law Offices, P.C.