**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-02325-CMA-NYW

**RIVERSIDE STORAGE AND RECYCLING CENTER**, a Colorado Limited Liability Corporation;
**CRAIG SHRIVER**, individually;
**KEVIN COX**, individually;
**JOHN HOOD**, individually; and
**KIMBERLY HILLS**, a Foreign Limited Liability Company

Plaintiffs,

v.

**CITY OF FEDERAL HEIGHTS**, a Colorado Municipal Corporation;

Defendant.

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE**

Federal Heights ("City") respectfully presents the following Reply in Support of Its Motion in Limine, and in support thereof, states as follows:

**ARGUMENT**

**1.   Plaintiffs Attempt to Use "The Kitchen Sink Approach" to Confuse the Jury with Testimony Not at Issue in This Case**

In their Response to arguments regarding irrelevant pruning citations and statements regarding blight, Plaintiffs argue that Federal Heights is attempting "to define relevant evidence as direct evidence affecting only certain, narrow issues." [Doc. #160, p. 2]. Federal Heights agrees that it is attempting to limit evidence the jury hears to those issues material to this case. Plaintiffs do not mention why a pruning citation against a Party's employee outside the statute of limitations, or a statement about blight is relevant to litigation regarding Notices and Orders for Removal. Plaintiffs also do not

mention why, if it is key to their substantive due process case, they did not include such information (that they knew about long ago) in their Four Amended Complaints, nor even in the Final Pretrial Order. Rather, it seems that Plaintiffs are attempting to dump everything they can onto the jury deliberation table, in the hopes that they can prejudice the jury into finding that the City acted arbitrarily and capriciously here. However, this does not assist in the finding of whether the actions of Federal Heights shocked the judicial conscience—the standard for substantive due process. Therefore, the information should be excluded.

Similarly, Plaintiffs argue that any delay that will be caused by the irrelevant evidence is immaterial. Yet, at last count, Plaintiffs have 19 will call and may call witness that they have to make their way through in two and a half days of trial, and it seems that at least two of these witnesses are listed to only discuss tree pruning and blight (Mayor Daniel Dick and Officer Bryan Kotteke). [See Doc. No. 146, p. 12.] It is hard to see how eliciting information from two witnesses on an issue not pled by Plaintiffs would not lengthen the trial. Plaintiffs also state that "the evidence can be quickly introduced," without acknowledging that, with prejudicial and irrelevant information, Federal Heights would have to spend time to rebut and explain the jury how the information is immaterial—going well beyond a "quick introduction." This, along with the fact that Plaintiffs will call two new witnesses just for this information, would present undue delay.

2.   **Evidence Related to Mr. Ekross is Likewise Irrelevant**

Plaintiffs similarly seem to argue that evidence related to an alleged trespass (allegations which the Police declined to prosecute because inspecting properties is

what a building official is supposed to do), is relevant to show "capricious" action to assist in their substantive due process claim. However, they do not explain how a building official doing his job is capricious. Regardless, Plaintiffs made no claim of trespass against Mr. Ekross, and therefore, any such evidence is irrelevant to Plaintiffs' alleged claims—that the issuance of the Notice and Order was improper.

Likewise, evidence from a secret recording is irrelevant. Plaintiffs incorrectly state that Mr. Shriver was a permit holder, when in fact Mr. Ekross was informing Mr. Shriver of the tasks he would need to undergo *if he were to apply for a building permit*.[1] [Ex. A, Ekross Depo. 84:15-85:15 (Testifying that a building permit would be needed)]. No building permit was ever applied for, let alone issued.

Additionally, Plaintiffs also incorrectly state "that the City of Evans later declared the homes Tier 1 debris," calling it a red herring. [Doc. #160, p. 6]. This is incorrect as the City of Evans declared the homes Tier 1 debris well before the inspection, and Mr. Shriver never informed Federal Heights of that fact. Finally, Plaintiffs state that it is unclear what Mr. Ekross would have done if he had known all of the relevant information about the homes. Yet, by acknowledging that Mr. Ekross did not know the complete story of the homes, any suggested repairs made without this information (as discussed on the tape) is thereby irrelevant.

**3.   Plaintiffs Attempt to Bring Evidence to Litigate on Behalf of Non-Parties**

Next, Plaintiffs argue that the removal of the insignias is relevant to Plaintiffs'

---

[1] Plaintiffs' confusion between set permits and building permits seems to continue. [Doc. #156, p. 4].

substantive due process claim. Yet, Plaintiffs still fail to acknowledge that the homes where insignias were removed **were not owned or set by any party in this action**. How these actions would make a Plaintiff's specific claims more or less likely is not explained. Therefore, the evidence is irrelevant to Plaintiffs' case, and is just part and parcel of Plaintiffs' kitchen sink approach. This even should thereby be excluded.

4. **Plaintiffs' Attempt to Add to the Kitchen Sink with Photographs of Homes Never in Federal Heights**

Finally, Plaintiffs believe that photographs of homes never in Federal Heights is somehow relevant to Plaintiffs' claims against Federal Heights.[2] Plaintiffs state—incorrectly—that Federal Heights stated that the homes are "permanently unhabitual flood homes." [Doc. #160, p. 8]. However, this was the City of Evans position, not Federal Heights. Federal Heights then relied upon this determination to conclude that **at the time the homes were brought into Federal Heights** they were unsafe for human habitation. Plaintiffs, years later, may have been able to rebuild the homes and place them in a different jurisdiction. Regardless, Plaintiffs provide no legal support for their conclusion that an action by one jurisdiction places constitutional constraints on another. Under any circumstance, the photographs are of homes that were never in Federal Heights, and therefore irrelevant to this case.[3]

---

[2] Plaintiffs attempt, after the fact, to provide evidentiary support for these photographs, with new information about VIN numbers and specific addresses that was not previously disclosed. In examining the photographs, Federal Heights cannot see these VIN numbers or addresses, and therefore, still maintains that even with Plaintiff's newly minted evidence, Plaintiffs lack foundation for their assertions. [See Ex. B].

[3] Plaintiffs incorrectly attach photographs disclosed by the City instead of the photos that Plaintiffs would like to introduce at trial. The photos that Plaintiffs actually would like to use (with accompanying trial exhibit notations) are attached hereto as Exhibit B.

## **CONCLUSION**

WHEREFORE, the City respectfully requests this Court grant its Motion in Limine.

Respectfully submitted this 14th day of September, 2017.

*s/ J. Andrew Nathan*
J. Andrew Nathan
Brenden Desmond
NATHAN DUMM & MAYER P.C.
7900 E. Union Avenue, Suite 600
Denver, CO  80237-2776
Phone Number: (303) 691-3737
Fax: (303) 757-5106
anathan@ndm-law.com
bdesmond@ndm-law.com
*Attorneys for Federal Heights*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 14th day of September, 2017, I electronically filed the foregoing **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE** via CF/ECM to the following:

Aimee M. Bove
Bove Law Offices, P.C.
1325 S. Colorado Blvd., #503
Denver, CO 80222
above@bovelaw.onmicrosoft.com
Attorney for Plaintiffs

             *s/ J. Andrew Nathan*
             J. Andrew Nathan
             NATHAN DUMM & MAYER P.C.