**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-02325-CMA-NYW

**RIVERSIDE STORAGE AND RECYCLING CENTER**, a Colorado Limited Liability Corporation, and
**CRAIG SHRIVER**, individually; and
**KIMBERLY HILLS**, a Foreign Limited Liability Company,

Plaintiffs,

v.

**CITY OF FEDERAL HEIGHTS**, a Colorado Municipal Corporation,

Defendant.

---

**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE
IRRELEVANT AND PREJUDICIAL EVIDENCE**

---

Plaintiffs, by and through counsel Aimee M. Bove, hereby move for an Order preventing Defendant from introducing certain irrelevant and prejudicial evidence at trial. Specifically, Plaintiffs seek an Order that prevents Defendant from introducing:

1. Photographs of the 2013 City of Evans flood, including pictures of mobile homes affected by flood waters within the City of Evans.

2. Testimony of Keith Cowan and all correspondence to and from Mr. Cowan regarding the 2013 flood and tier 1 debris.

**Conferral Certificate:** Pursuant to CMA Civ. Practice Standard 7.1B and D.C.COLO.LCivR 7.1, Plaintiffs made a good faith effort to confer with opposing counsel regarding this matter. On March 3, 2017, undersigned spoke with opposing counsel by

1

phone regarding the relief requested herein and the basis therefor.  The parties were unable to resolve the dispute.  On August 2, 2017, counsel for Defendant confirmed that Defendant's position on the matter had not changed.

## BACKGROUND

This case concerns mobile homes salvaged from a 2013 flood in the City of Evans, CO.  *See generally* Fourth Am. Compl. (ECF No. 78).   Plaintiffs are owners of these homes and a mobile home park owner in the City of Federal Heights, where the homes were to be relocated.  *Id.*  Plaintiffs assert a claim against Defendant pursuant to 42 U.S.C. § 1983 for violations of their constitutional right to due process.  *Id.*  A violation of procedural due process consists of (1) the existence of a recognized liberty or property interest, and (2) failure to receive the process that is due.  *Delgado v. Department of Interior*, 153 F.3d 726, 726 (10th Cir. 1998) (citing *Mathews v. Eldridge*, 424 U.S. 319, 332-35 (1976)).[1]

The actions of which Plaintiffs complain occurred between July and September 2014 in the City of Federal Heights, and specifically within the Kimberly Hills Mobile Home Park.  *See generally* Fourth Am. Compl.  Defendant deprived Plaintiffs of their protected property interests when it issued Notices and Orders for Removal and removed state occupancy insignias from the homes without providing Plaintiffs with notice or an opportunity to be heard.  *See generally* Fourth Am. Compl.; Pls.' Resp. Opp. Defs.' Ren. Mot. Summ. J. (hereinafter "Pls.' Resp. Summ. J.") (ECF No. 153).  In

---

[1] On October 2, 2017, the Court granted in part and denied in part Defendant's Motion for Summary Judgment, dismissing Plaintiffs Kevin Cox and John Hood and the remaining Plaintiffs' substantive due process claims.  (ECF No. 166)

response, Defendant claims it provided the required notice and post-deprivation procedures. Defs.' Ren. Mot. Summ. J. (ECF No. 150) at 16-18.

## LEGAL AUTHORITY

### 1. Fed. R. Evid. 401 and 402

Fed. R. Evid. 402 provides that evidence that is relevant is generally admissible, and irrelevant evidence is inadmissible. Fed. R. Evid. 401 states the test for whether evidence is relevant is if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." When determining relevance, Courts look at material facts. *United States v. Jones*, 768 F.3d 1096, 1103 (10th Cir. 2014) (internal quotations omitted). Whether a fact is material is determined by the substantive law of the case. *Id.* The determination of whether evidence is relevant lies within the sound discretion of the trial court. *United States v. Neal*, 718 F.2d 1505, 1509-10 (10th Cir.1983).

### 2. Fed. R. Evid. 403

Fed. R. Evid. 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "To be unfairly prejudicial, the evidence must have 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008) (quoting Fed. R. Evid. 403 advisory committee note). The

decision to admit or exclude evidence pursuant to rule 403 is within the trial court's discretion. *Robinson v. Missouri Pacific R. Co.*, 16 F.3d 1083, 1088 (10th Cir. 1994).

**ARGUMENT**

### 1. *Photographs Of The 2013 City Of Evans Flood*

Plaintiffs anticipate that Defendant will attempt to introduce photographs of the 2013 City of Evans flood, including pictures of mobile homes affected by flood waters within the City of Evans. *See* Pretrial Order Ex. 1 (ECF No. 108-1), #33 (photographs attached as Exhibit A). In addition, Defendant's expert report includes photographs of the 2013 flood and homes affected by flood waters. Mot. Excl. Test. Op. Ex. C pt. 1-C pt. 3 (ECF No. 159-3 to 159-5). These photographs do not make any material fact more or less probable and as such are not relevant. *See* Fed. R. Evid. 401, 402. Additionally, the risk of undue prejudice to Plaintiffs that would result from the admission of such photographs substantially outweighs any probative value. *Id.* 403.[2]

#### A. The Photographs Are Irrelevant Under Fed. R. Evid. 401 and 402

The photographs are irrelevant to any material fact related to Plaintiffs' due process claim.

Images of the flood and flooded homes do not support Defendant's arguments as to why it did not violate Plaintiffs' due process rights. Defendant may attempt through the photographs to imply that the homes were hazardous and therefore created a threat to public health and safety that necessitated Defendant's actions removing insignias

---

[2] Plaintiffs reserve the right to object to these photographs on the basis for Fed. R. Evid. 901 (authentication) and any other applicable basis if introduced. Plaintiffs also reserve the right to object to photographs not specifically listed on the basis stated herein.

4

and issuing Notices and Orders for Removal. However, the condition of the homes immediately following the 2013 flood in the City of Evans is not dispositive of the condition of the homes in fall of 2014 within the City of Federal Heights. Mr. Shriver undertook extensive remediation to make the homes habitable between the time of the initial flood and installation in the City of Federal Heights. Moreover, it is not clear whether any of the photographs portray any of the homes at issue.

The condition of the homes in the City of Evans also does not go to the amount of damages. This was extensively argued in Plaintiffs' motion to exclude the testimony of Defendant's damages expert and will not be repeated here. *See* Mot. Excl. (ECF No. 159).

### B. The Photographs Are Prejudicial Under Fed. R. Evid. 403

In addition, the photographs may cause the jury to reach a conclusion based on an emotional reaction and would distract the jury from the facts at issue.

Plaintiffs believe that Defendant will attempt through the photographs to imply the existence of a health and safety hazard related to microbial contamination or structural damage in the homes. The photographs show homes submerged in flood waters, including debris and other hazards. It would be natural for a jury to view these photographs and believe that the homes that were salvaged from the flood would be uninhabitable. However, this conclusion would not be based on evidence in the record but, rather, an improper emotional response.

In fact, there is no evidence in the record of contamination. Defendant did not perform any tests on the homes in the fall of 2014 prior to ordering the homes removed.

5

Thus, any arguable context provided by these images would be outweighed by the risk that a jury would assume contamination whereas Defendant itself lacked any such evidence.

### 2. Testimony Of And Correspondence With Mr. Cowan

Plaintiffs also anticipate that Defendant will attempt to introduce testimony of a witness, Keith Cowan, and correspondence to and from Mr. Cowan regarding the 2013 flood and tier 1 debris. *See* Pretrial Order at 15, Ex 1 (##110-112, 114, 117-118, 130 (attached as Exhibits B-H); Cowan Depo. Transcript (excerpt attached as Exhibit I). This testimony and the documents do not make any material fact more or less probable and as such are irrelevant. *See* Fed. R. Evid. 401, 402. Additionally, the risk of undue prejudice to Plaintiffs that would result from the admission of such testimony and documents substantially outweighs any probative value. *Id.* 403.[3]

#### A. The Testimony And Documents Are Irrelevant Under Fed. R. Evid. 401 and 402

Mr. Cowan's testimony and the related documents are irrelevant to any material fact of Plaintiffs' due process claim.

Mr. Cowan is an owner of Eastwood Village Mobile Home Park, which experienced significant damage in the 2013 flood. Cowan Depo. 6. Mr. Cowan hired Mr. Shriver to clean up his park following the flood, which included removing homes. *See generally id.* 32-52. While Mr. Cowan received notices from the City of Evans and the County concerning his park, *see generally* Ex. C, he testified he never informed Mr.

---

[3] Plaintiffs reserve the right to object to this testimony on the basis for Fed. R. Evid. 602 (personal knowledge), 802 (hearsay), and any other applicable basis if introduced. Plaintiffs also reserve the right to object to related evidence not specifically listed herein.

Shriver that the homes had to be destroyed because it was his understanding they only needed to be removed, Cowan Depo. 154.

Plaintiffs believe that Defendant will nonetheless attempt through Mr. Cowan's testimony and related exhibits to assert that Mr. Shriver knew or should have known of the tier 1 debris designation.  However, the evidence, including Mr. Cowan's testimony, is to the contrary; Mr. Cowan did not know the tier 1 designation until later, and did not inform Mr. Shriver that the homes needed to be destroyed.  *Id.* at 11-12, 154.  Moreover, this fact is not material to any issue in the case.  Whether Mr. Shriver knew of the tier 1 designation (which he did not) does not excuse the City from providing Plaintiffs with due process.

Plaintiffs also believe that Defendant will introduce an exhibit to establish that Mr. Cowan knew that the homes required tier 1 deposal but the cost of proper disposal was too high so he gave them to Mr. Shriver instead.  *See* Ex. H.  This similarly does not go to any material issue in the case and has the risk of prejudicing the jury against Mr. Shriver and the other Plaintiffs, as further discussed below.

### A. The Testimony And Documents Are Prejudicial Under Fed. R. Evid. 403

Mr. Cowan's testimony and related documents may cause the jury to reach conclusions based solely on an emotional reaction and distract the jury from the facts at issue.

Defendant may attempt to influence the jury to believe, based on the relationship between Mr. Cowan and Mr. Shriver, that Mr. Shriver knew or should have known of the tier 1 debris designation.  Yet, this would be contrary to the facts of the case.  *See*

Cowan Depo. 11-12, 154.  And as discussed above, even if Mr. Shriver knew of the tier 1 debris designation (which he did not), this would not be dispositive of any issue in the case.  Defendant's attempt to impute knowledge from Mr. Cowan to Mr. Shriver would likely confuse the issues and mislead the jury into believing that Mr. Shriver's knowledge of the tier 1 designation was a salient fact.  Therefore, Mr. Cowan's testimony and the related documents would be more prejudicial than probative.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court exclude:

1. Photographs of the 2013 City of Evans flood, including pictures of mobile homes affected by flood waters within the City of Evans.
2. Testimony of Keith Cowan and all correspondence to and from Mr. Cowan regarding the 2013 flood and tier 1 debris.

Respectfully submitted this 12th day of October, 2017.

By:  */s/ Aimee M. Bove*
Aimee M. Bove, #36915
Bove Law Offices, P.C.
1325 S. Colorado Blvd., Ste. 503
Denver, Colorado 80222
Phone: (303) 918-4355
Fax: (303) 320-8578
Email: above@bovelaw.onmicrosoft.com
ATTORNEY FOR PLAINTIFFS RIVERSIDE STORAGE AND RECYCLING CENTER, CRAIG SHRIVER, AND KIMBERLY HILLS

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 12th day of October, 2017, a true and correct copy of the foregoing **PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE** was filed and served by via ECF/PACER on all parties of record, as follows:

J. Andrew Nathan
Brenden Desmond
Nathan Dumm & Mayer P.C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237-2776
anathan@ndm-law.com

*/s/ Aimee M. Bove*
Aimee M. Bove, #36915
Bove Law Offices, P.C.